■ In the Matter of JAMES CURRY, Appellant, v THOMAS A. COUGHLIN III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court (McDermott, J.), entered December 11, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges the determination that he violated the disciplinary rule prohibiting the use of a controlled substance on the ground that the specimen bottle was not labeled until after the sample was taken and there was a six-hour period when the specimen was not secured. We find both arguments unpersuasive. First, it is undisputed that the specimen bottle was labeled by a correction officer in petitioner's presence immediately after he gave the sample. Next, with respect to petitioner's claim that the chain of custody was flawed, petitioner failed to meet his burden on this issue as he offered

nothing more than mere speculation that the specimen could have been confused with other samples *(see, Matter of Price v Coughlin,* 116 AD2d 898, 899). Equally unavailing is petitioner's claim that he was denied adequate employee assistance because his assistant failed to obtain various items that he had requested. Because the items petitioner requested were either without probative value or were readily available to him, no prejudice resulted from any alleged failure *(see, Matter of Irby v Coughlin,* 161 AD2d 860, 861; *Matter of Serrano v Coughlin,* 152 AD2d 790, 792).

Mikoll, J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.