■ In the Matter of JOHN A. HARDIE, Petitioner, v RAUL RUSSI, as Chairman of the New York State Board of Parole, et al., Respondents. [651 NYS2d 928] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was originally sentenced to concurrent prison terms of 4 to 12 years after being convicted of two counts of sodomy in the first degree and four counts of attempted rape in the first degree. He was released to parole supervision, the special conditions of which included, *inter alia,* submitting to periodic drug testing and participating in a drug treatment program. Petitioner was charged with, and found guilty of, violating these conditions. As a result, his parole was revoked and he was directed to be held for 24 months before being reconsidered for parole. Petitioner commenced this proceeding seeking to annul the determination. We confirm.

Initially, we find the finding of guilt to be supported by substantial evidence (*see, Matter of Melendez v New York State Div. of Parole*, 225 AD2d 935). After first denying that he was using drugs and that he was not attending the drug treatment program, he then admitted these facts to his parole officer (*see,*

*Matter of Gonzales v New York State Bd. of Parole*, 193 AD2d 356). Petitioner also pleaded guilty to using cocaine at his preliminary hearing. In addition, the record contains a certified laboratory report stating that EMIT and GC/MS drug tests of petitioner's urine sample were positive for cocaine (*see, People ex rel. Wilt v Meloni*, 170 AD2d 989, *lv dismissed* 77 NY2d 973). Petitioner's contention that he did not attend the drug program meetings due to medical problems and that he had informed the program of such merely raised questions of credibility which were for the Administrative Law Judge to resolve (*see, Matter of Madlock v Russi*, 195 AD2d 646).

With respect to petitioner's claim that the chain of custody for his urine sample was flawed, he failed to meet his burden of proof on this issue (*see, Matter of Curry v Coughlin*, 175 AD2d 970). The parole officer's testimony revealed an unbroken chain of custody. Petitioner's remaining arguments in this regard have been reviewed and rejected as unpersuasive.

Petitioner was also not denied his right to confront adverse witnesses. The Administrative Law Judge properly admitted the laboratory report into evidence without requiring testimony of a witness from the laboratory (*see, People ex rel. Wilt v Meloni, supra*). As for the remaining issues raised by petitioner, they have been examined and rejected for lack of merit.

Mercure, J. P., Crew III, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.