■ In the Matter of DARYL ALEXANDER, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [654 NYS2d 835] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, revoked petitioner's parole.

Petitioner was found guilty of violating the condition of his parole release which prohibited travel outside the five boroughs of New York City or beyond the borders of Westchester and Dutchess Counties without the permission of his parole officer. Petitioner's parole was revoked and he was assessed 24 months' delinquency time. Petitioner challenges that determination, contending that it was not based on substantial evidence.

We confirm. Adduced in evidence at the parole revocation hearing was the testimony of petitioner's parole officer, who stated that she first learned that petitioner had traveled outside the permitted area when she received a telephone call from a police officer stating that petitioner had been arrested in the City of Rensselaer, Rensselaer County, on various charges including criminal mischief and resisting arrest. Petitioner's parole supervision records were also entered in evidence, confirming this testimony.

It is well settled that a determination by respondent to

revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support the respondent's determination (see, Matter of Zientek v Herbert, 199 AD2d 1075, 1076). Here, we deem the evidence before respondent in the instant matter sufficient to support its determination revoking petitioner's parole. Petitioner's testimony averring that his travel had been authorized by his parole officer in the course of a telephone call prior to his departure raised a question of credibility which was within the province of the Hearing Officer to resolve (see, Matter of Perez v Wilmot, 67 NY2d 615, 617).

Petitioner's contention that his due process rights were violated when he was denied discovery of his parole officer's records is without merit. The right of a criminal defendant to discover exculpatory material does not apply in the context of parole revocation proceedings (see, Matter of Milburn v New York State Div. of Parole, 173 AD2d 1016, 1017).

Cardona, P. J., Mercure, White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.