■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CALVIN ·LEE, Appellant, v MICHAEL LA PAGLIA, as Sheriff of Ulster County, et al., Respondents. [670 NYS2d 805] —Appeal from a judgment of the Supreme Court (Donohue, J.), entered March 25, 1997 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in 1975 of the crimes of murder and attempted murder. In 1989, petitioner was released on parole. On November 25, 1996, following his arrest for several crimes, a parole warrant was issued for petitioner for alleged violations of parole. Pursuant to a preliminary parole revocation hearing, it was determined that probable cause existed to sup-

port the charge that petitioner had violated his parole. Prior to the final parole revocation hearing, petitioner applied for a writ of habeas corpus. Supreme Court dismissed the application and this appeal ensued.

We affirm. Petitioner's contention that he did not receive notice of the preliminary parole revocation hearing within three days after the execution of the warrant is without merit (*see*, Executive Law § 259-i [3] [c] [iii]). Although petitioner did not receive notice of his parole violation until November 29, 1996, inasmuch as the third day fell on a public holiday, in this case Thanksgiving, notice received on the following day was timely (*see*, General Construction Law §§ 20, 25-a [1]; *see*, *People ex rel. Frost v Meloni*, 124 AD2d 1032, *lv denied* 69 NY2d 606). In addition, inasmuch as petitioner failed to pursue available administrative remedies in connection with his challenge to the parole revocation process, habeas corpus relief is inappropriate (*see*, *People ex rel. Vazquez v Travis*, 236 AD2d 745, 746, *appeal dismissed* 91 NY2d 847). Similarly, petitioner's remaining claims, including his allegations of inappropriate treatment by his parole officer during the course of petitioner's release on parole, even if true, would not entitle petitioner to immediate release from custody and, therefore, habeas corpus is not an appropriate remedy (*see*, *People ex rel. Franza v Stinson*, 228 AD2d 843, *appeal dismissed* 88 NY2d 1015).

White, J. P., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.