■ In the Matter of JESSE PARSONS, Petitioner, v CHAIRMAN OF THE NEW YORK STATE DIVISION OF PAROLE, Respondent. [670 NYS2d 937] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

In 1991, petitioner was convicted of sodomy in the first degree and sentenced to a prison term the maximum of which expires on August 31, 1998. Following his release on parole on May 1, 1996, petitioner was charged with, and subsequently found guilty of, violating a condition of his parole which required that he "enter and complete" an alcohol and/or drug treatment program. This finding resulted in a determination revoking petitioner's parole status. Petitioner commenced this proceeding seeking to challenge this determination. Initially, we reject respondent's assertion that this proceeding is academic due to petitioner's conditional release to parole supervision on December 12, 1997. Because " '[t]he impact of the parole violation charges does not end with petitioner's release from prison, but may continue to affect matters such as the maximum parole expiration date' ", we find that this matter is not moot (*Matter of Newcomb v New York State Bd. of Parole*, 88 AD2d 1098, quoting *Lindsay v New York State Bd. of Parole*, 48 NY2d 883, 884). In addressing the merits of this proceeding, it is well settled that this Court must confirm the determination revoking parole if it finds that the respondent adhered to all procedural requirements and the determination can be supported by the record (*see, Matter of Alexander v New York State Div. of Parole*, 236 AD2d 761, 761-762). We find that both requirements are present here. No procedural violations are evident in the record and we find that the testimony presented with respect to petitioner's refusal to undergo the treatment plan recommended to him adequately supports the determination.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.