■ In the Matter of KEVIN HICKS, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [682 NYS2d 114] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the State Board of Parole which revoked petitioner's parole.

In 1981, petitioner was convicted of three counts of the crime of robbery in the first degree and sentenced to a prison term of 6 to 18 years. Petitioner was released on parole in 1988 and assigned a parole officer to whom he was to report on a quarterly basis. In 1995, petitioner's parole officer filed a violation of release report alleging, *inter alia,* that petitioner had failed to report for scheduled appointments and, further failed to immediately report that he had been arrested. Following a parole revocation hearing, an Administrative Law Judge concluded that the parole violations had been sustained and recommended that a delinquent time assessment be imposed up to petitioner's maximum expiration date. The State Board of Parole accepted that recommendation, and petitioner subsequently commenced this CPLR article 78 proceeding challenging that determination.

In our view, substantial evidence supports the Parole Board's determination that petitioner violated the conditions of his parole release in an important respect justifying revocation of his parole (*see,* Executive Law § 259-i [3] [f] [x]; 9 NYCRR 8005.20 [b]; *see also, People ex rel. Lord Organic Allah v New York State Bd. of Parole,* 158 AD2d 328). Petitioner's parole officer testified that he was informed in December 1994 that petitioner had been arrested on charges of forgery, petit larceny, criminal impersonation and possession of a forged instrument and that petitioner failed to advise him of such arrest, as required by the conditions of petitioner's parole release. The officer further testified that petitioner failed to appear for a scheduled appointment in January 1995. Although petitioner admitted that he did not report to his parole officer as scheduled or inform the officer that he had been arrested, he contended that he was not required to do so because the officer had told him in 1991 that he was "off parole" and, hence, no longer was required to

report. This assertion, however, merely raised a credibility issue for the Administrative Law Judge to resolve (*see, Matter of Alexander v New York State Div. of Parole*, 236 AD2d 761; *Matter of Hardie v Russi*, 234 AD2d 773).

As to petitioner's claim that the Parole Board abused its discretion in assessing that he be held until his maximum expiration date, our review of the record reveals that, contrary to petitioner's contention, the relevant factors were considered and, hence, the Parole Board's determination will not be disturbed. Petitioner's remaining contentions have been reviewed and found to be either unpreserved for our review or lacking in merit.

Mikoll, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.