█ In the Matter of NORBERT LAYNE, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [684 NYS2d 4] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

In July 1993, petitioner was released on parole after serving approximately four years of a 4 to 12-year prison sentence based upon a conviction in January 1989 of attempted rape in the first degree; as a condition of his parole, petitioner was subject to periodic drug tests. On April 10, 1996, petitioner reported to his parole officer, Clifford Parris, and provided a urine sample. Upon analysis by a private toxicology laboratory, the urine sample tested positive for cocaine. Shortly thereafter Parris filed a "violation of release report" which indicated that petitioner violated conditions governing his release by (1) using a controlled substance and, (2) providing an untruthful response to an inquiry regarding his use of a controlled substance.

A preliminary hearing was held and the Hearing Officer determined that probable cause existed to support both charges. Subsequently, a final hearing was held before an Administrative Law Judge (hereinafter ALJ) wherein Parris testified on behalf of respondent and petitioner testified on his own behalf. Following the hearing, the ALJ found that the Division of Parole proved by a preponderance of the evidence that petitioner violated the conditions of his release by taking a controlled substance and lying by denying such action. The ALJ also found Parris' testimony credible and recommended a time assessment of 24 months. Upon administrative appeal, the ALJ's decision was affirmed but a hold period of 48 months was imposed because petitioner presented a severe threat to public safety. Petitioner appealed the decision to respondent and the appeal was denied. Petitioner then commenced this CPLR article 78 proceeding.

Initially, we reject petitioner's contention that the ALJ erred by admitting toxicology reports without requiring that a witness from the laboratory be produced to certify such records. Due process requires that a parolee, at a final parole revocation hearing, shall have the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing such confrontation (*see, People ex rel. McGee v Walters*, 62 NY2d 317, 321; *Matter of Velez v New York State Div. of Parole*, 246 AD2d 833, *lv denied* 91 NY2d 813). In assessing whether due process requires the production of a particular witness for cross-examination, a Hearing Officer should consider the nature of the evidence, the potential utility of trial confrontation in the fact-finding process and the burden of producing the witness (*see, Matter of Gordon v Brown*, 84 NY2d 574). Notably, a Hearing Officer may admit a toxicology report into evidence without requiring testimony of a witness from the laboratory where such report is certified to ensure reliability (*see, Matter of Hardie v Russi*, 234 AD2d 773, 774). Here, the record reveals that the toxicology report was certified and, further, that the substance of the report was based upon objective factual material compiled under circumstances showing it to be inherently reliable (*see, id.*, at 774).

Next, we conclude that sufficient evidence was submitted to adequately establish the chain of custody of petitioner's urine sample. It has been well established that in challenging a parole revocation based upon a claim that the chain of custody of a urine specimen was flawed, the petitioner bears the burden of proving that such defect occurred (*see, Matter of Hardie v Russi, supra*, at 774; *Matter of Curry v Coughlin*, 175 AD2d

970). Additionally, it is also well established that minor flaws or incomplete forms only go the weight of the evidence and not to its admissibility (*see, People v Waite*, 243 AD2d 820, *lv denied* 91 NY2d 882). Here, the record reveals an adequate chain of custody for petitioner's urine specimen and that petitioner failed to meet his burden of showing otherwise (*see, Matter of Hardie v Russi, supra*).

Finally, it is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination (*see, Matter of Alexander v New York State Div. of Parole*, 236 AD2d 761, 762; *Matter of Zientek v Herbert*, 199 AD2d 1075, 1076). Additionally, when reviewing the evidence, this Court may not make its own assessment of the credibility of the witnesses, but instead is limited to examining the record to see if substantial evidence exists to support the finding (*see, People ex rel. Portee v New York State Div. of Parole*, 199 AD2d 561). In our view, there is substantial evidence in the record to support the determination that petitioner, by his own actions, was responsible for his failure to comply with the special conditions of his parole.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.