■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KING DAVIS, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [694 NYS2d 202] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered July 17, 1998 in Chemung County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted of the crimes of sodomy in the first degree and robbery in the second degree and sentenced to concurrent prison terms of 12½ to 25 years and 7½ to 15 years, respectively. Although he was released on parole in March

1995, petitioner's parole was revoked in September 1995 following a parole revocation hearing and his administrative appeal of this determination was denied. The following year, petitioner apparently filed a writ of error coram nobis with the Division of Parole seeking reversal of the parole revocation determination on grounds different than those advanced on petitioner's administrative appeal. According to petitioner, the Division of Parole refused to hear or consider the writ. Petitioner's subsequent application for a writ of habeas corpus arguing the same claims advanced in the writ of error coram nobis was dismissed by Supreme Court and we affirm.

It is well settled that "[h]abeas corpus relief is inappropriate in cases where the claimed errors could have been remedied by means of an administrative appeal" (*People ex rel. Vasquez v Travis*, 236 AD2d 745, 746, *appeal dismissed* 91 NY2d 847; *see*, 9 NYCRR 8006.3 [a], [b]; *People ex rel. Scott v Babbie*, 248 AD2d 909, 910, *lv denied* 92 NY2d 803). Because the allegations petitioner raises herein—including the alleged insufficiency of the evidence and ineffective assistance of counsel at the final parole revocation hearing—could have been addressed in the course of the administrative appeal, the instant habeas corpus proceeding was appropriately dismissed by Supreme Court for failure to exhaust available administrative remedies (*see*, *People ex rel. Vasquez v Travis*, *supra*, at 746). Furthermore, even assuming, arguendo, that petitioner is correct in maintaining that the writ of error coram nobis should have been construed as an application for a rehearing, Supreme Court correctly noted that petitioner failed to raise issues based on newly discovered evidence that was not available at the time of the parole revocation hearing or his administrative appeal (*see*, 9 NYCRR 8006.3 [c]). In any event, since the grant of a new hearing would still not entitle petitioner to immediate release from custody, habeas corpus is not an appropriate remedy (*see, People ex rel. Lee v La Paglia*, 249 AD2d 601, *lv denied* 92 NY2d 807).

Mikoll, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.