■ In the Matter of ANTHONY TORRES, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [695 NYS2d 617] —Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered February 6, 1998 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, challenges the determination finding him guilty of violating various prison disciplinary rules as charged in four misbehavior reports. Initially, we reject petitioner's assertion that the hearing was untimely commenced. Due to petitioner's transfer from Washington Correctional Facility in Washington County to Great Meadow Correctional Facility in Washington County for placement and observation in the Mental Health Unit (hereinafter MHU) shortly after receiving the misbehavior reports, an extension was granted authorizing the commencement of the hearing six days after petitioner's return to Washington Correctional Facility. While petitioner was released from MHU on March 10, 1997, he did not return to Washington Correctional Facility; however, the disciplinary hearing was commenced at Great Meadow Correctional Facility on March 17, 1997. Thereafter, a second extension was granted authorizing the disciplinary hearing to commence on March 17, 1997. Under these circumstances, we find that the hearing was timely commenced pursuant to valid extensions (see, e.g., Matter of Llull v Coombe, 238 AD2d 761, lv denied 90 NY2d 804). Moreover, even if petitioner's disciplinary hearing commenced one day late, annulment is not warranted as petitioner has failed to establish substantial prejudice resulting from the minimal delay (see, Matter of Edmonds v Coombe, 239 AD2d 798).

Nor do we find merit to petitioner's assertion that the Hearing Officer erred in failing to give him a written explanation for the denial of six requested witnesses inasmuch as the record discloses that petitioner was unable to demonstrate how their testimony would be material or not redundant from the five other witnesses already called (see, Matter of Odom v Goord, 246 AD2d 941). Lastly, even if preserved for our review (see, Matter of Giakoumelos v Coughlin, 192 AD2d 998, lv denied 82 NY2d 658), we would reject petitioner's claim of Hearing Officer bias as unsupported by the record.

Mikoll, J. P., Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.