■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABDULLAH FAHIM, Appellant, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, Respondent. [697 NYS2d 737] —Mikoll, J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered January 4, 1999 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a final parole revocation hearing at which petitioner was found guilty of violating a condition of his parole by engaging in unlawful activity, petitioner's parole was revoked and a hold period of 24 months was imposed. Petitioner thereafter commenced this proceeding for a writ of habeas corpus primarily contending that the determination to revoke his parole was not supported by substantial evidence. Supreme Court dismissed the petition, prompting this appeal by petitioner.

In our view, substantial evidence supports the determination revoking petitioner's parole based upon his violation of the parole condition (*see, Matter of Hicks v New York State Div. of Parole*, 255 AD2d 842, *appeal dismissed, lv denied* 93 NY2d 846; *People ex rel. Brazeau v McLaughlin*, 233 AD2d 724, *lvs denied* 89 NY2d 810). According to two police reports and the testimony of the detective who prepared them, the victim appeared at the police station with facial injuries and reported that petitioner struck her repeatedly during a domestic dispute. Following his arrest on assault charges, petitioner admitted to his parole officer that he struck the victim during an altercation. Contrary to petitioner's contention, the admission was properly received into evidence at the revocation hearing (*see, People ex rel. Maiello v New York State Bd. of Parole*, 65 NY2d 145) and the victim's testimony recanting her prior accusation merely created a credibility issue for the Administrative Law Judge to resolve (*see, Matter of Alexander v New York State Div. of Parole*, 236 AD2d 761).

Petitioner's remaining contentions, including his claim of prejudice resulting from the Administrative Law Judge's decision to permit respondent to reopen and proceed on a previously withdrawn charge, have been reviewed and rejected as lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.