■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH GAITO, Appellant, v EARL COUTURE, as Superintendent of Gouverneur Correctional Facility, et al., Respondents. [702 NYS2d 446] —Crew III, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered December 12, 1998 in St. Lawrence County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was charged with violating certain conditions of his parole relating to restrictions on his place of residence. Following a final parole revocation hearing, petitioner's parole was revoked and it was ordered that he be detained until the maximum expiration date of his previously imposed sentences. Prior to perfecting his administrative appeal, petitioner filed an application for habeas corpus relief challenging the determination to revoke his parole. Supreme Court dismissed petitioner's application due to petitioner's failure to exhaust his administrative remedies. Petitioner now appeals.

We affirm. "Judicial review of alleged errors in the parole revocation process is precluded prior to the exhaustion of [administrative] remedies" (People ex rel. Woods v McGreevy, 191 AD2d 938, 941), and neither the type of constitutional claims raised in the petition nor petitioner's conclusory and unsupported contention that administrative review would have been futile justify departing from this general rule (see generally, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [exceptions to exhaustion requirement]). In light of this conclusion, we need not address the remaining arguments raised by petitioner.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.