■ In the Matter of WILLIAM COLE, Petitioner, v BRION D. TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [713 NYS2d 578] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of

---

the Supreme Court, entered in Clinton County) to review a determination of the Board of Parole which revoked petitioner's parole and held him until the maximum expiration of his sentence.

While serving a prison sentence of 3½ to 10½ years for his conviction of attempted arson in the second degree, petitioner was released on parole supervision in July 1996. Petitioner was charged with, and found guilty of, violating the conditions of parole based upon allegations that he had raped a 15-year-old girl. As a result, petitioner's parole was revoked and he was directed to be held until the maximum expiration of his sentence. Petitioner commenced this proceeding seeking to annul the determination. We confirm.

Initially, we reject petitioner's contention that the evidence presented at the parole revocation hearing was not properly weighed by the Administrative Law Judge. "[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992, *lv dismissed* 93 NY2d 886). Here, the victim's testimony and sworn statement regarding the attack, together with corroborating testimony from her mother, provides substantial evidence to support the determination that petitioner violated the conditions of his parole (*see generally, People ex rel. Fahim v Lacy*, 266 AD2d 612, *lv denied* 94 NY2d 759). Although petitioner asserts that various sworn statements which he gathered should have been considered, this evidence was never offered at the hearing. Furthermore, any inconsistencies in the testimony or evidence presented a credibility issue to be weighed and resolved by the Administrative Law Judge (*see, People ex rel. Fahim v Lacy*, 266 AD2d 612, *supra*; *Matter of Hicks v New York State Div. of Parole*, 255 AD2d 842, 843, *appeal dismissed and lv denied* 93 NY2d 846).

Turning to petitioner's remaining contentions, we find them to be without merit. The District Attorney's decision not to pursue the criminal charges against petitioner does not estop the Board of Parole from proceeding with a final revocation hearing nor from considering the acts underlying the criminal charges (*see, People ex rel. Murray v New York State Bd. of Parole*, 70 AD2d 918, *affd* 50 NY2d 943). Given the violent nature of petitioner's conduct and the fact that the parole violation occurred within a month of his release, we do not find the determination that he should be held to the maximum expiration of his sentence to be excessive. Petitioner's remaining conten-

tions, including his assertion that he was denied the right to effective assistance of counsel, have been reviewed and found to be unpersuasive.

Cardona, P. J., Crew III, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.