■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TIMOTHY C. WEBSTER, Appellant, v R. TRAVIS, as Superintendent of Tioga County Jail, Respondent. [716 NYS2d 618] —Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered January 13, 2000 in Tioga County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following his release on parole, petitioner was charged with violating certain conditions of his parole. After waiving a preliminary revocation hearing, a final revocation hearing was commenced at which petitioner waived any notice or timeliness issues. Based upon the hearing testimony and documentation presented, petitioner's parole was revoked with a recommendation that he be held for 18 months. Prior to perfecting his administrative appeal, petitioner filed an application for habeas corpus relief challenging the determination to revoke his parole. Supreme Court dismissed the proceeding on the ground that petitioner failed to exhaust his administrative remedies. Petitioner appeals and we affirm.

It is well settled that administrative remedies must be exhausted prior to judicial review of any alleged error in the parole revocation process (see, People ex rel. Gaito v Couture, 268 AD2d 914, lv denied 94 NY2d 765; People ex rel. Davis v New York State Bd. of Parole, 263 AD2d 706, lv denied 93 NY2d 819). Here, habeas corpus relief is unavailable to petitioner inasmuch as he failed to exhaust his administrative remedies prior to commencing this proceeding (see, id.). Moreover, the issues raised by petitioner are unpreserved for our review given petitioner's waiver at the final revocation hearing regarding any notice or timeliness issues and his failure to object to those issues which he now attempts to raise before this Court (see generally, Matter of Montanez v New York State Div. of Parole, 227 AD2d 753, lv denied 88 NY2d 814). Accordingly, the petition was properly dismissed.

Crew III, J. P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.