■ In the Matter of FREDERICK HERR, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [717 NYS2d 396] —Rose, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 26, 1999 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Petitioner was released on parole after serving a portion of a sentence imposed for his conviction of burglary in the second degree. Thereafter, following a final parole revocation hearing at which petitioner elected to appear *pro se*, petitioner's parole was revoked based upon a finding that he violated certain conditions thereof by knowingly fraternizing with a parolee, using marihuana, possessing stolen property, and lying to his parole officer regarding his marihuana use and possession of stolen property. Petitioner's administrative appeal was unsuccessful and he thereafter commenced this CPLR article 78 proceeding challenging the determination on various grounds. Supreme Court dismissed the petition and this appeal ensued.

We reject petitioner's contention that the determination revoking his parole is not supported by substantial evidence. With regard to the charge that petitioner knowingly fraternized with a parolee, the record belies petitioner's claim that the hearsay testimony of his parole officer concerning statements made by his former girlfriend, Holly Plusch, is the only evidence that he knew the person with whom he met to be a parolee. Plusch subsequently testified at the hearing, indicated that petitioner had reason to know that the person with whom he was associating was a parolee and was cross-examined by petitioner. In addition, petitioner's parole officer testified that petitioner admitted knowing that the individual in question was on parole. This testimony, although hearsay, was properly admitted as evidence of an admission (*see, People ex rel. Maiello v New York State Bd. of Parole*, 65 NY2d 145, 146) and, with the other evidence, provides a substantial basis for the determination that petitioner violated a condition of his parole.

With regard to the charge of marihuana use, the record indicates that petitioner submitted a urine sample which tested positive for the presence of marihuana and admitted his use of marihuana while on parole to his parole officer. Contrary to petitioner's contention, the certified toxicology report* setting forth the positive results of the marihuana screening performed on petitioner's urine sample was properly received into evidence despite the fact that it was hearsay (*see, Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, *lv dismissed* 93

---

* Although petitioner's counsel challenged the certification of this report at the parole revocation hearing, the objection was subsequently overruled. Since the disputed certification is not included in the record on appeal, this Court cannot assess its sufficiency.

NY2d 886; *People ex rel. Brazeau v McLaughlin*, 233 AD2d 724, *lv denied* 89 NY2d 810). In view of this proof, there is substantial evidence to support the determination that petitioner violated his parole by using marihuana (*see, Matter of Layne v New York State Bd. of Parole, supra; Matter of Hardie v Russi*, 234 AD2d 773).

With regard to the charge of possession of stolen property, Plusch testified that she assisted petitioner in selling tools which he admitted were stolen. Her credibility, like that of petitioner, was for the Board of Parole to evaluate (*see, People ex rel. Fahim v Lacy*, 266 AD2d 612, *lv denied* 94 NY2d 759; *Matter of Hicks v New York State Div. of Parole*, 255 AD2d 842, 842-843, *appeal dismissed, lv denied* 93 NY2d 846), and was not undermined by petitioner's largely irrelevant claim that the tools were stolen by someone else. Also, Plusch's testimony was corroborated by an employee of the store to which the tools were sold. This employee identified petitioner as the individual who brought the tools into the store and exchanged them for cash. The owner of the tools testified that he confirmed the identity of the stolen tools by matching the serial numbers on the tools to his records. Although the purchase receipt for one of the tools was not received into evidence until after the close of testimony and bore a model number which was one character different than that on the tool itself, its admission was at most harmless error because the receipt was mere surplusage in light of the other evidence demonstrating that the tools were stolen (*see, People ex rel. Brazeau v McLaughlin, supra,* at 726). Thus, we find that substantial evidence supports the determination that petitioner violated the conditions of his parole by possessing stolen property.

Finally, the testimony of petitioner's parole officer indicating that petitioner initially denied using marihuana and possessing stolen tools provides substantial evidence to support the conclusion that petitioner failed to truthfully answer his parole officer's questions (*see, Matter of Hicks v New York State Div. of Parole, supra,* at 842-843; *People ex rel. McClam v Lacy*, 232 AD2d 695). We have examined petitioner's remaining contentions, including his procedural objections to respondent's drug testing, and find them to be either without merit or not properly before us.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.