■ In the Matter of STEVEN LASHWAY, Appellant, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [718 NYS2d 421] —Crew III, J. P. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered December 21, 1999 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Following a tier III disciplinary hearing petitioner was found guilty of violating the prison disciplinary rule prohibiting harassment of an employee. This determination was affirmed upon petitioner's administrative appeal, and he thereafter commenced this proceeding pursuant to CPLR article 78 contending that the misbehavior report was defective in that it failed to properly list the location of the underlying incident and, further, that the hearing was untimely. Respondents moved to dismiss the proceeding asserting that the petition failed to state a cause of action. Supreme Court granted the motion, prompting this appeal.

We affirm. Upon review of the documentary evidence submit-

ted by respondents (*see*, CPLR 3211 [a] [1]) and petitioner's response thereto, we are persuaded that Supreme Court properly granted respondents' motion to dismiss upon the proof submitted (*compare, Matter of Cowart v Selsky*, 254 AD2d 663, 664 [service of answer and return required where the inmate has raised an issue of substantial evidence]).

Whatever minor errors may have existed in the misbehavior report were insufficient to establish that the report was fatally defective, and petitioner's conclusory assertion that the purported error as to the location of the underlying incident severely prejudiced his ability to prepare a defense has no factual basis in the record. At worst, the alleged flaws constitute excusable errors (*see generally, Matter of Mitchell v Phillips*, 268 AD2d 633; *Matter of Alston v Great Meadow Correctional Facility*, 252 AD2d 697).

We reach a similar conclusion with regard to petitioner's claim that the disciplinary hearing was untimely. The record reflects that an extension was granted directing that the disciplinary hearing be commenced and concluded within 14 days of petitioner's release from observation. Petitioner's hearing began five days after his return to the facility and concluded two days later, well within the time frame established by the extension. Additionally, the record contains a communication from the Department of Correctional Services indicating that the date upon which an inmate is returned to a correctional facility is considered to be the date of release from mental health observation. Under such circumstances, we find the hearing to be timely (*see, Matter of Torres v Goord*, 264 AD2d 871, 872).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.