■ In the Matter of JAMIE YOUNG, Petitioner, v DONALD SELSKY, as Director of Inmate Special Housing Unit, et al., Respondents. [719 NYS2d 313] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after a sample of his urine twice tested positive for the presence of cannabinoids. Petitioner challenges the determination claiming that a number of procedural errors require its annulment.*

Initially, we reject petitioner's argument that the hearing was untimely commenced. The record indicates that the hearing was originally commenced within seven days of petitioner's

* Supreme Court improperly transferred the proceeding on substantial evidence grounds inasmuch as petitioner raises solely procedural issues in the petition (*see, Matter of Barnhill v Coombe,* 239 AD2d 719, 720, n). Nevertheless, we shall retain jurisdiction and review the merits in the interest of judicial economy (*see, Matter of Nieves v Goord,* 262 AD2d 1042).

confinement as required by 7 NYCRR 251-5.1 (a). The hearing was then adjourned and, due to the transfer of the Hearing Officer who commenced the hearing, two extensions were authorized to permit reassignment of a Hearing Officer to conduct a new hearing. The hearing recommenced on the 13th day of confinement and was concluded within the applicable time limitation on the 14th day following the issuance of the misbehavior report (*see*, 7 NYCRR 251-5.1 [b]). Inasmuch as the delay in recommencement "was authorized and reasonable and resulted in no prejudice to petitioner, there is no basis to annul a determination of guilt" (*Matter of Barrett v Senkowski*, 180 AD2d 977, 978; *see*, *Matter of Torres v Goord*, 264 AD2d 871).

Petitioner's claim that he received ineffective employee assistance because his assistant failed to provide him with certain documents is similarly without merit, as the record indicates that petitioner received all the relevant documents to which he was entitled (*see*, 7 NYCRR 1020.5; *see also*, *Matter of Madison v Goord*, 273 AD2d 557).

Petitioner's remaining contentions have been reviewed and, to the extent preserved for our review, found to be without merit.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.