■ In the Matter of ROBERT S. HAYES, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [728 NYS2d 803] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty after a tier III hearing of being out of place in violation of prison disciplinary rule 109.10 (7 NYCRR 270.2 [B] [10] [i]). The misbehavior

report related that on June 19, 1999, petitioner and another inmate left the prison library without permission and went to the agricultural class area where they pried open hasps secured with a padlock and took two wooden planters, a PVC pipe cutter, a pruning knife and one bag of perlite. Following the determination of guilt, and a partially successful administrative appeal,[1] petitioner commenced this CPLR article 78 proceeding.

Petitioner challenges the determination on the ground that his constitutional rights to due process and equal protection were violated because he was not afforded a delay in the proceedings to procure the misbehavior report of the other inmate, he did not receive proper notice pursuant to 7 NYCRR 251-3.1 (c) (3) because his misbehavior report and the other inmate's misbehavior report allege that the incident happened at different times, and he was not afforded an opportunity to present evidence, namely, commenting on the testimony of a correction officer.[2] We disagree.

Initially, while petitioner requested the other inmate's misbehavior report, petitioner's contention that he did not receive an adjournment is belied by the record which reveals that he requested and received an adjournment to procure "newly discovered evidence." When the proceeding resumed, petitioner acknowledged to the Hearing Officer that he received the documents he had requested. Likewise, although petitioner complains that he was denied the right to call witnesses, the record clearly indicates that the Hearing Officer afforded petitioner the opportunity to call all three witnesses on his list and petitioner declined, choosing to rely on evidence already in the record. Ultimately, the Hearing Officer called these witnesses and even allowed petitioner to question them.

Similarly unavailing is petitioner's contention that he received inadequate notice pursuant to 7 NYCRR 251-3.1 (c) (3). Adequate notice is provided to an inmate in a prison disciplinary proceeding when he or she receives enough information to effectively respond (see, Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123). Here, the time frame articulated in petitioner's misbehavior report indicates that the incident oc-

---

1. Petitioner was originally found guilty by a Hearing Officer of property damage, leaving an assigned area and a movement regulation violation. On administrative appeal, however, all charges were dismissed except the violation of rule 109.10.

2. Supreme Court improperly transferred the proceeding on substantial evidence grounds inasmuch as petitioner raises solely procedural issues in his petition (see, Matter of Barnhill v Coombe, 239 AD2d 719, 720 n). Nevertheless, we shall retain jurisdiction and review the merits in the interest of judicial economy (see, Matter of Nieves v Goord, 262 AD2d 1042).

curred between 9:45 A.M. and 10:27 P.M. While the other inmate's misbehavior report apparently indicates a slightly larger time frame and a correction officer testified at the hearing to a slightly shorter time frame, petitioner received adequate notice inasmuch as his misbehavior report indicates the date, place and approximate time of the incident, the nature of the violation and the items that were taken.

Finally, contrary to petitioner's assertion, we do not find that he was improperly denied the right to cross-examine a witness, a correction officer, as no such right is afforded in a prison disciplinary proceeding (*see, id.*, at 119).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.