In the Matter of Leslie Otero, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [792 NYS2d 728]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with numerous disciplinary rule violations after he was involved in a physical altercation with a correction officer in the visiting room. Following a tier III disciplinary hearing, he was found guilty of creating a disturbance, assaulting staff, fighting, interfering with an employee, refusing a direct order, making threats and violating facility visiting rules. The determination of guilt was upheld on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.*

We reject petitioner's contention that he was improperly denied the right to call certain witnesses at the hearing. On the day prior to the hearing, when petitioner's employee assistant asked two inmates if they would be willing to testify for petitioner, only one agreed. The employee assistant then filled out a witness refusal form indicating that the other inmate refused to testify, refused to sign the form and refused to provide a reason for his refusal. At the commencement of the hearing, the Hearing Officer confirmed on the record that petitioner had learned from his employee assistant that one inmate did not wish to testify. The Hearing Officer then named the other witnesses that petitioner wanted called, omitting the uncooperative inmate, and asked petitioner, "Is that it?" Petitioner answered, "Yes." At no point during the hearing did petitioner make a request for the uncooperative inmate's testimony or inquire further in this regard. Inasmuch as petitioner acquiesced in the witness's refusal to testify and did not ask at the hearing that the witness be called, he is precluded from now asserting that he was improperly denied this witness (*see Matter of Victor v Goord*, 253 AD2d 971, 971 [1998]; *compare Matter of Martinez v Goord*, 15 AD3d 737 [2005] [when a request is made at the hearing for the testimony of a witness who has reportedly refused to testify without providing any reason, the inmate's right to an explanation by the hearing officer as to the validity of such refusal is preserved]).

As for petitioner's wife, whose testimony petitioner did request at the hearing, the record reveals that the Hearing Officer adjourned the hearing in an effort to contact her, but was unable to do so based upon the information given to him by petitioner. In view of this, as well as the Hearing Officer's

---

* Although it appears that the petition does not raise a question of substantial evidence and that Supreme Court improperly transferred the proceeding to this Court, we nevertheless retain jurisdiction in the interest of judicial economy (*see Matter of Hayes v Goord*, 284 AD2d 813, 814 n 1 [2001], *lv denied* 97 NY2d 603 [2001]; *Matter of Young v Selsky*, 279 AD2d 672, 672 n [2001], *lv denied* 96 NY2d 712 [2001]).

acknowledgment that her testimony would be consistent with petitioner's, we find no error in the Hearing Officer's decision to proceed without her. We have considered petitioner's remaining claims, including his challenge to the adequacy of his assistant, and find them to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.