■ In the Matter of ANDRE BOWES, Petitioner, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [800 NYS2d 459]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Prior to his release on parole in January 2003, petitioner was serving consecutive prison sentences of 3 to 6 years on a 1998 conviction of attempted criminal possession of a controlled substance in the third degree and $1\frac{1}{2}$ to 3 years for absconding from a community treatment facility in 2000. In May 2003, he was charged with nine separate parole violations. The first four charges related to his illegal operation of a motor vehicle on April 13, 2003 and arrest by members of the City of Rome police department. The fifth, sixth and seventh charges involved, in turn, petitioner's illegal operation of a motor vehicle on April 16, 2003, lies to his parole officer on April 22, 2003 and absence from his approved residence on April 24, 2003. The eighth and ninth charges related to his assault upon his girlfriend on April 25, 2003.

Following a parole revocation hearing, the first four charges, as well as the last two, were sustained by an Administrative Law Judge (hereinafter ALJ). The fifth and sixth charges were withdrawn and the ALJ found that the seventh charge was not proven. The ALJ recommended that petitioner's parole be revoked and he be held to the maximum expiration date of his sentence. After the ALJ's determination was affirmed by the

Board of Parole, petitioner commenced this CPLR article 78 proceeding.*

Initially, petitioner contends that the ALJ erred in refusing to admit into evidence certain photographs and letters sent to him by his girlfriend after the assault. Inasmuch as petitioner did not object to the ALJ's evidentiary rulings at the hearing, they are not preserved for our review (*see Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805, 806 [2002]; *People ex rel. Webster v Travis*, 277 AD2d 546 [2000]). Even if we were to consider them, however, we would find that the ALJ did not abuse his discretion as he permitted petitioner's girlfriend to be questioned about the contents of the photographs and letters, which allowed petitioner to demonstrate that the two continued a romantic relationship even after the assault. Moreover, we reject petitioner's assertion that the ALJ improperly questioned petitioner's girlfriend about prior assaults insofar as the hearing transcript reveals that she freely volunteered this information. Finally, given petitioner's criminal history and prior parole violations, the Board's directive that he be held until his maximum expiration date was not excessive (*see Matter of Cole v Travis*, 275 AD2d 874, 875 [2000]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although Supreme Court improperly transferred the proceeding to this Court as the petition does not raise a question of substantial evidence, we nevertheless retain jurisdiction and address the matter in the interest of judicial economy (*see Matter of Hayes v Goord*, 284 AD2d 813, 814 n 2 [2001], *lv denied* 97 NY2d 603 [2001]).