■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JISUN AL-LAH, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FACIL-ITY, et al., Respondents. [801 NYS2d 896]—Appeal from order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered July 23, 2004, which dismissed the habeas corpus petition, unanimously dismissed, as moot, without costs.

Petitioner's challenge to the preliminary parole revocation hearing determination has been rendered moot by the final parole revocation determination (*see People ex rel. Johnson v New York State Div. of Parole,* 270 AD2d 137 [2000]; *People ex rel. McCummings v DeAngelo,* 259 AD2d 794 [1999], *lv denied* 93 NY2d 810 [1999]). Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIP MOBLEY, Appellant. [801 NYS2d 895]—Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered March 2, 2004, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 1/2 to 7 years, unanimously affirmed.

The verdict is not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari,* 176 NY 84, 94 [1903]). There was nothing implausible about the victim's account of the incident, and the fact that the jury acquitted defendant of first-degree robbery does not warrant a different conclusion (*see People v Rayam,* 94 NY2d 557 [2000]). Indeed, in stressing that the jury acquitted him of first-degree robbery, defendant is advancing a baseless inconsistent verdict claim (*see id.*) and one that has not been preserved for appellate review by a timely objection prior to the discharge of the jury. To the extent that defendant is arguing that the evidence was legally insufficient, that argument is unpreserved and unavailing. Defendant's bolstering claim under *People v Trowbridge* (305 NY 471 [1953]) is unpreserved and frivolous; the belatedly objected-to testimony was relevant to explain why the money recovered from defendant was not offered into evidence (*cf. People v Geoghegan,* 68 AD2d 279, 286 [1979], *affd* 51 NY2d 45 [1980]), and this claim is irrelevant to the sufficiency or weight of the evidence. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.