■ In the Matter of PEDRO NIEBLAS, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [813 NYS2d 271]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

Following his 1992 conviction of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, petitioner was sentenced to concurrent prison terms of 9 to 18 years. Although petitioner was released to parole supervision in October 1999, he subsequently was charged with violating a number of conditions of his parole in June 2002. Following a preliminary parole revocation hearing in July 2002 and a final hearing in October 2002, petitioner was found guilty of violating six conditions of his parole. As to penalty, petitioner's parole was revoked and then restored upon the condition that petitioner complete a mandatory program at the Willard Drug Treatment Campus. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to challenge respondent's determination.

Preliminarily, to the extent that petitioner challenges matters pertaining to the preliminary parole revocation hearing, we note that any issues in this regard were rendered moot by the final parole revocation determination (*see People ex rel. Ciccarelli v Saxton*, 23 AD3d 1095, 1096 [2005], *lv denied* 6 NY3d 708 [2006]). Notwithstanding petitioner's apparent release from incarceration during the pendency of this proceeding, his challenges to the final parole revocation determination remain viable, as such determination has ramifications regarding, among

other things, petitioner's maximum parole expiration date (*see Matter of Parsons v Chairman of N.Y. State Div. of Parole*, 249 AD2d 616 [1998]).

Turning to the merits, petitioner primarily contends that his right to confrontation was violated by the admission of two urinalysis lab reports and certain records regarding his progress in his substance abuse program. We cannot agree. As to the issue of the lab reports, this Court previously has held that "a Hearing Officer may admit a toxicology report into evidence without requiring testimony of a witness from the laboratory where such report is certified to ensure reliability" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 991 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Herr v New York State Div. of Parole*, 278 AD2d 544, 545 [2000]). As the contested reports indeed were certified, our inquiry is at an end. Nor do we find, under the circumstances presented here, any error with regard to the admission of certain records from petitioner's substance abuse program. Petitioner's remaining contention— namely, that his parole officer testified falsely at the final revocation hearing—involves a credibility determination for respondent to resolve (*see Matter of Faulkner v New York State Div. of Parole*, 25 AD3d 1047, 1048 [2006]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.