■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LIONEL RICHARDSON, Appellant, v ANTHONY BOUCAUD, as Superintendent of Altona Correctional Facility, Respondent. [906 NYS2d 160]—

Appeal from a judgment of the Supreme Court (Muller, J.), entered November 12, 2009 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2003, petitioner pleaded guilty to attempted robbery in the first degree and was sentenced to a prison term of five years followed by five years of postrelease supervision. Petitioner's wife was not charged with robbery, but pleaded guilty to a charge of prostitution for luring the victim to the robbery scene in connection with the incident. As relevant here, petitioner was conditionally released to parole in September 2008 and his residence was listed as the Schenectady City Mission in Schenectady County. The first condition of petitioner's release was that he was to proceed directly to the area to which he was released. A further special condition of his release was that petitioner was to refrain from all communication with his wife.

On the same day he was released, petitioner visited and was involved in an altercation with his wife. Thereafter, rather than reporting to the City Mission, petitioner spent the night at the residence of his girlfriend. He was subsequently charged with violating the conditions of his release and, following a final revocation hearing, was found guilty of three of the charges and received a time assessment of 24 months. Petitioner thereafter commenced this CPLR article 70 proceeding for a writ of habeas corpus to challenge, among other things, the special condition prohibiting him from contacting his wife.

We affirm. Regardless of the merits of petitioner's challenge to the special conditions of his postrelease supervision regarding contact with his wife, the fact remains that he is presently incarcerated due, at least in part, to the finding that he violated the parole condition requiring him to proceed directly to the area to which he was released. Petitioner has abandoned any challenge to this finding by his failure to address the issue in his brief on appeal (see Matter of Austin v Fischer, 70 AD3d 1074, 1074 n [2010]; Matter of Bonez v Commissioner of Prison Sys. of State of N.Y., Dept. of Corrections, 65 AD3d 1411 [2009]). As such, petitioner is not entitled to immediate release under the current circumstances and, therefore, habeas corpus relief is unavailable (see People ex rel. Strauss v New York State Div. of Parole, 55 AD3d 1198, 1199 [2008], lv denied 12 NY3d 702 [2009]; People ex rel. Woodard v Berry, 163 AD2d 759, 760 [1990], lv denied 76 NY2d 712 [1990]).

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.