## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 8, 2015                    520026
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex. rel VICTOR
    WANG,
                    Appellant,

        v                              MEMORANDUM AND ORDER

JOHN DEMARS, as Superintendent
    of Altona Correctional
    Facility,
                    Respondent.
_____


Calendar Date:   September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

                    _____


        Victor Wang, Mineola, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the Supreme Court (Cortese, J.),
entered October 16, 2014 in Clinton County, which dismissed
petitioner's application for a writ of habeas corpus, in a
proceeding pursuant to CPLR article 70, without a hearing.

        Petitioner, who is serving a prison sentence of 5 to 15
years for his 2002 conviction of enterprise corruption, was
released on parole in 2006.  In 2013, petitioner was charged with
various violations of the terms of his parole.  Following a final
revocation hearing, petitioner's parole was revoked and a
delinquent time assessment of 18 months was imposed.  When no

timely response to petitioner's administrative appeal was forthcoming, petitioner commenced this proceeding for a writ of habeas corpus, challenging the final parole revocation determination.  Supreme Court dismissed petitioner's application and this appeal ensued.

Initially, we note that, although petitioner again has been released to parole supervision, this proceeding is not moot "as petitioner was found to have been a parole violator which may have lasting consequences" (Matter of Mack v Alexander, 61 AD3d 1222, 1222 n [2009] [internal quotation marks and citations omitted]; see Matter of Nieblas v New York State Bd. of Parole, 28 AD3d 1017, 1017-1018 [2006]).  Accordingly, we will consider this matter as a CPLR article 78 proceeding (see CPLR 103 [c]).

Turning to the merits, "[r]evocation of parole will be confirmed where procedural requirements were followed and evidence, if credited, exists to support the determination" (Matter of McQueen v New York State Bd. of Parole, 118 AD3d 1238, 1239 [2014], lv denied 24 NY3d 907 [2014] [internal quotation marks and citations omitted]).  Here, the testimony at the hearing, particularly that of the victim detailing the domestic violence incident, provide substantial evidence to support the revocation (see Matter of Heier v Department of Corr. & Community Supervision, 113 AD3d 1018, 1019 [2014]).  Petitioner's denial that he engaged in any violent conduct presented a credibility issue for the Administrative Law Judge to resolve (see Matter of McQueen v New York State Bd. of Parole, 118 AD3d at 1239).  Petitioner's remaining contentions, including that the Administrative Law Judge was biased and that the victim's recantation requires reversal of the parole revocation determination, have been reviewed and found to be unpersuasive.

Egan Jr., J.P., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court