Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 9, 2016 in Clinton County, which dismissed petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
 

 In 1995, petitioner was sentenced to an aggregate prison term of 20 years to life upon his conviction of murder in the second degree and criminal possession of weapon in the third degree. Petitioner was released to parole supervision in October 2013 subject to various terms and conditions, including that he refrain from behaving in such a manner as “threaten [ed] the safety or well-being of [him]self or others.” In November 2015, the Department of Corrections and Community Supervision received an arrest notification advising that petitioner had been arrested in Westchester County for, among other things, assault in the third degree. A notice of violation and a violation of release report subsequently were issued, wherein it was alleged that petitioner violated the terms of his release by pushing the victim — his former girlfriend — to the ground (charge one) and choking her (charge two), thereby resulting in certain injuries, causing the victim’s five-year-old daughter to fall down some steps (charge three) and knowingly following the victim (charge four).
 

 Petitioner requested a preliminary hearing, at the conclusion of which probable cause to sustain the violation was found, and the matter was scheduled for a final revocation hearing. At the outset of that hearing, charge four was withdrawn; petitioner and the victim then testified and offered competing accounts of the underlying incident. The Administrative Law Judge (hereinafter ALJ) ultimately sustained charges one and three, dismissed charge two and imposed a 36-month hold. Upon petitioner’s administrative appeal, the ALJ’s determination was upheld, and the Board of Parole revoked petitioner’s parole and ordered that he be held for 36 months. Petitioner thereafter commenced this CPLR article 70 proceeding for a writ of habeas corpus. Following joinder of issue, Supreme Court dismissed petitioner’s application without a hearing, prompting this appeal.
 

 Petitioner, as so limited by his brief, argues that his parole officer lied at the preliminary hearing as to the existence of a valid arrest warrant, thus misrepresenting the basis for the alleged parole violations, that the revocation of his parole was not supported by a preponderance of the evidence and that the ALJ exhibited bias.
 
 *
 
 “Preliminarily, to the extent that petitioner challenges matters pertaining to the preliminary parole revocation hearing, we note that any issues in this regard were rendered moot by the final parole revocation determination” (Matter of Nieblas v New York State Bd. of Parole, 28 AD3d 1017, 1017 [2006] [citation omitted]; see People ex rel. Allah v Warden, Rikers Is. Correctional Facility, 22 AD3d 345, 345 [2005]). Moreover, even assuming that any issue surrounding the arrest warrant survives, petitioner’s argument is unpreserved for our review given his failure to raise this claim at the final revocation hearing (see generally Matter of Bowes v Dennison, 20 AD3d 845, 846 [2005]; People ex rel. Webster v Travis, 277 AD2d 546, 546 [2000]).
 

 As to the merits, it is well settled that parole revocation decisions will be sustained if the procedural requirements were satisfied and there is evidence that, if credited, supports the determination (see People ex rel. Wang v Demars, 132 AD3d 1043, 1043 [2015]; Matter of Peck v Evans, 118 AD3d 1086, 1087 [2014]). Here, the victim testified that petitioner forced his way into her apartment building, whereupon he pushed and shoved her, tearing her clothing and causing her to sustain various bruises; during the course of that scuffle, the victim’s daughter, who had been clinging to the victim’s leg, fell down a few steps and bruised her knee. Such testimony, if credited, was sufficient to sustain the violations alleged, and petitioner’s contrary testimony presented a credibility issue for the ALJ to resolve (see Matter of McQueen v New York State Bd. of Parole, 118 AD3d 1238, 1239 [2014], lv denied 24 NY3d 907 [2014]). Finally, we find no merit to the petitioner’s assertion that the ALJ was biased or that the determination flowed from any alleged bias (see Matter of Ciccarelli v New York State Div. of Parole, 11 AD3d 843, 844 [2004]; People ex rel. Brazeau v McLaughlin, 233 AD2d 724, 726 [1996], lvs denied 89 NY2d 810 [1997]). Accordingly, Supreme Court properly denied petitioner’s application for habeas corpus relief.
 

 Garry, J.P., Egan Jr., Devine, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.
 

 *
 

 Petitioner has not briefed the remaining claims advanced in the petition — namely, that the hearing transcript was falsified and that he was found guilty of a charge for which he was not given notice — and, hence, we deem any arguments on these points to be abandoned (see People ex rel. Richardson v Boucaud, 75 AD3d 878, 879 [2010], appeal dismissed 15 NY3d 916 [2010]).