■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON BROWN, Appellant. [628 NYS2d 835] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Canfield, J.), rendered January 19, 1993, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

On January 11, 1992, the police received an anonymous phone call advising that there were guns under a mattress in a bedroom at 444 Clinton Avenue in the City of Albany. Officers responded to that residence, obtained permission to search the apartment and, ultimately, found three handguns and a shotgun under the mattress in defendant's bedroom. Defendant was thereafter indicted and charged with three counts of criminal possession of a weapon in the third degree and one count of criminal possession of stolen property in the fourth degree. Following a jury trial, defendant was convicted of one count of criminal possession of a weapon in the third degree and was thereafter sentenced to an indeterminate term of imprisonment of 1 to 3 years.

At the trial defendant denied possession of the weapons in question contending that they were his brother's, who had access to and used the subject bedroom. In support of defendant's knowing possession of the handguns, the People offered exhibit No. 11 into evidence, which was a polaroid photograph taken from defendant's bedroom depicting an individual, purportedly defendant, holding a handgun. The People offered the exhibit on the theory that it was a photograph of defendant holding one of the very handguns found under the mattress and was, therefore, relevant to the element of knowing possession. Defense counsel objected to the offer on the ground that there was no proof that what was depicted in the exhibit was, in fact,

one of the guns at issue at trial. County Court, without any authentication testimony, admitted the exhibit into evidence.* Defendant claims this to have been reversible error. We agree.

It has long been established that in order to admit a photograph into evidence, authentication is required (*see, People v Byrnes*, 33 NY2d 343, 349). Photographs are authenticated by testimony of a person familiar with the object portrayed therein that it is a correct representation of such object, in this case one of the handguns found in defendant's bedroom (*see, e.g., Alberti v New York, Lake Erie & W. R. R. Co.*, 118 NY 77, 88). Here, the jury was left to speculate as to whether the gun depicted in the exhibit was one of the guns found under the mattress. If there be any doubt as to the jury's speculation in that regard, one need only take note of counsel's reference in summation to defendant's statement to the police that it was a toy gun and they should "get one of those glass things that makes things look bigger". Predictably, during deliberations, the jury requested to be provided with a magnifying glass which County Court, curiously, denied them on the ground that none had been admitted into evidence. As noted previously, the jury acquitted defendant of two counts of criminal possession of a weapon in the third degree and of criminal possession of stolen property in the fourth degree, but convicted him of criminal possession of the weapon that bore a similarity to the gun portrayed in exhibit No. 11. Under the circumstances, it is clear that the error in failing to require authentication was not harmless.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.

---

* The exhibit appears to have been admitted based upon the prosecutor's assertion that she had looked at the photo and concluded that the weapon depicted therein appeared to her to be the kind of weapon found under the mattress. She concluded by asserting that the jury should be given the opportunity to determine if the gun in the photograph was one of the guns that was the subject of the trial.