■ In the Matter of ESTABAN TORRES, Appellant, v RAUL RUSSI, as Chairman of the New York State Division of Parole, Respondent. [633 NYS2d 666] —Appeal from a judgment of the Supreme Court (Kane, J.), entered September 3, 1992 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Board of Parole revoking petitioner's parole.

As the result of his conviction of the crimes of manslaughter in the first degree and assault in the second degree, petitioner

was sentenced to consecutive prison terms of 5 to 18 and 3¹/₂ to 7 years. After his release on parole, petitioner was arrested in Massachusetts for criminal possession of a weapon. A parole revocation hearing was subsequently conducted at which petitioner waived his right to counsel and pleaded guilty to leaving New York without permission and criminal possession of a weapon. The Parole Board revoked petitioner's parole and imposed a seven-year time period before he would be reconsidered for release.

Petitioner contends that his waiver of counsel was invalid because it was not knowing or intelligent. This contention must be rejected. The record of the proceedings reveals that petitioner was given the opportunity to seek legal counsel and was advised of the manner in which counsel could assist him with his case. Petitioner was fully aware of the ramifications of waiving legal assistance and, hence, we find that his waiver was voluntarily, knowingly and intelligently made. Under the circumstances presented, we further find that the Parole Board did not abuse its discretion in imposing upon petitioner a seven-year time period before he would be reconsidered for release on parole.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.