◼ In the Matter of Francisco Montanez, Appellant, v New York State Division of Parole et al., Respondents. [642 NYS2d 355] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 15, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Board of Parole revoking petitioner's parole.

Petitioner was sentenced to a term of 0 to 7 years in prison as the result of an August 1972 conviction of rape in the second degree. After being released on parole in March 1976, petitioner committed the crime of rape in the first degree. He was convicted of that crime in May 1977 and sentenced to a term of 10 to 20 years in prison. On February 6, 1992, petitioner was again released on parole and, while under parole supervision, he tested positive for cocaine and failed to report to his parole officer. As a result of these violations, petitioner's parole was revoked and he was ordered held in prison for the remaining term of his underlying sentence.

Petitioner argues, *inter alia*, that respondent State Board of Parole improperly considered his failure to attend a sex offender program, a charge which had been withdrawn at the hearing, in making its determination. Inasmuch as petitioner failed to raise this claim at the administrative hearing, he may not raise it on appeal (*see, Matter of Stanbridge v Hammock*, 55 NY2d 661). Nevertheless, were we to consider the merits, we would not find that this warrants annulment of the determination since petitioner's plea of guilty to two of the charges

supports the Board's revocation of his parole. In addition, we do not find that the Board abused its discretion in ordering petitioner to serve the remaining term of his underlying sentence (*see, Matter of Torres v Russi*, 221 AD2d 769). We have considered petitioner's remaining claims and find them to be without merit.

Cardona, P. J., Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.