■ In the Matter of RENE OTERO, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [698 NYS2d 781] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, revoked petitioner's parole and held him until the maximum expiration of his sentence.

As a result of his 1982 conviction of the crimes of sodomy in the first degree and sexual abuse in the first degree, petitioner was sentenced to concurrent prison terms of 10 to 20 years and 2½ to 5 years, respectively. He was released on parole in December 1991. In March 1998, petitioner's parole officer was advised that petitioner had not attended a graduate program in which he was enrolled for over a week. The officer went to petitioner's residence where, upon finding petitioner in an intoxicated state, took him into custody. After a test of petitioner's urine revealed the presence of cocaine, he was charged with violating a condition of his parole prohibiting the use of controlled substances.

Following a final parole revocation hearing, an Administrative Law Judge (hereinafter ALJ) found petitioner guilty of the charges. It was recommended that parole be revoked and restored and that petitioner be required to enroll in a rehabilitation program. Respondent declined to adopt that recommendation and ordered petitioner reincarcerated until the maximum expiration date of his sentence, a period of three years, nine months and two days. The determination was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination. Respondent moved to dismiss the petition for failure to exhaust administrative remedies. Upon Supreme Court's denial of the motion, respondent served its answer. The proceeding was subsequently transferred to this Court for review.

Initially, we find no merit to petitioner's claim that Supreme Court improperly transferred the proceeding. Although petitioner contends that he was entitled to file a reply to respondent's answer, the answer did not set forth any counterclaims (*see*, CPLR 7804 [d]) or new matter (*see*, CPLR 7804 [f]) requiring a reply. Moreover, our review of the answer discloses that it was responsive to the allegations contained in the peti-

tion. Inasmuch as issue was properly joined, Supreme Court correctly transferred the proceeding to this Court.

Contrary to petitioner's claim, respondent's departure from the ALJ's recommendation and reincarceration of petitioner was neither arbitrary nor capricious. Although the ALJ recommended that parole be revoked and restored, that recommendation was advisory and had no binding effect upon respondent (*see, Matter of Augle v New York State Bd. of Parole*, 192 AD2d 1031, 1032). Notably, "[t]he ultimate power to order reincarceration and fix a date for rerelease rest[s] with the Parole Board or a member acting on its behalf" (*People ex rel. Coleman v Smith*, 75 AD2d 706, 707, *lv denied* 50 NY2d 804; *see*, 9 NYCRR 8005.20 [b]; Executive Law § 259-i [3] [f] [x]).

In support of its decision to reincarcerate petitioner, respondent noted that petitioner had a "track record" of sex offenses which, when combined with his drug offense, was indicative of an individual who could not lead a law-abiding life in the community. Petitioner's parole officer found him in an intoxicated state and toxicology reports confirmed that he had been using cocaine. In fact, petitioner pleaded guilty to violating that condition of his parole. Upon a review of this record, we find no basis to disturb this administrative determination. Petitioner's numerous remaining claims have not been preserved for our review inasmuch as he did not raise them in his petition or at the administrative hearing (*see, Matter of O'Brien v State of New York Div. of Probation & Correctional Servs.*, 263 AD2d 804, 805-806; *Matter of Montanez v New York State Div. of Parole*, 227 AD2d 753, *lv denied* 88 NY2d 814).

Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.