■ In the Matter of JAMES WILLIAMS, Also Known as WILLIE O. WILLIAMS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [715 NYS2d 541] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 23, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent revoking petitioner's parole.

Upon his conviction in 1974 of the crimes of attempted murder, criminal possession of a weapon and assault in the second degree, petitioner was sentenced to an aggregate prison term of 20 years to life. He was subsequently released to parole supervision in July 1994. In January 1998, petitioner was arrested on felony drug charges and, as a result, was charged with violating various conditions of his parole. At the final parole revocation hearing, petitioner elected to plead guilty to one of the charges alleging that he had possessed a controlled substance without proper medical authorization. Thereafter, the charge was sustained, petitioner's parole was revoked and a hold period of 42 months was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court rejected petitioner's various challenges to the revocation determination and dismissed the petition. Petitioner appeals.

We affirm. Initially, we reject petitioner's argument that respondent should have been collaterally estopped from revoking his parole inasmuch as the criminal charges against him were subsequently dismissed. As we have previously noted, the dismissal of criminal charges or an acquittal following trial does not preclude a parole revocation determination based upon the same underlying conduct (see, Matter of Dantzler v Travis, 249 AD2d 841, lv denied 92 NY2d 810; Matter of McWhinney v Russi, 228 AD2d 980).

Petitioner's challenge to the Administrative Law Judge's time assessment of 42 months as an impermissible ex post facto penalty was not raised either at the hearing or on the administrative appeal, and, accordingly, is not properly preserved for our review. In any event, it is well settled that the 1997 amendments to 9 NYCRR 8005.20 (c) are not laws but rather guidelines which do not violate the ex post facto doctrine (see, People ex rel. Tyler v Travis, 269 AD2d 636; People ex rel. Johnson v Russi, 258 AD2d 346, 347, appeal dismissed, lv denied 93 NY2d 945).

Petitioner's remaining argument, that he was not advised of the ramifications of pleading guilty to the charged parole viola-

tion, was dismissed by Supreme Court as untimely as it was interposed beyond the four-month Statute of Limitations period (see, CPLR 217). We agree with Supreme Court's determination that inasmuch as the petition fails to make any mention of a defect in the plea allocution, petitioner's proposed amendment to the petition does not satisfy the requirements of the relation back doctrine (see, CPLR 203 [f]; Brown v Vail-Ballou Press, 188 AD2d 972, 973-974; cf., Marpe v Dolmetsch, 246 AD2d 723, 723-724). Accordingly, we find that petitioner's motion to amend the petition was properly denied.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.