Brendan COCHRANE, Petitioner–Appellant,

v.

John MCGINNIS, Superintendent, Downstate Correctional Facility, Respondent–Appellee.

Docket No. 01–2557.

United States Court of Appeals, Second Circuit.

Nov. 4, 2002.

479

Ellen B. Resnick, New York, NY, for Appellant.

Present VAN GRAAFEILAND, JACOBS and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Brendan Cochrane appeals from a final judgment of the United States District Court for the Eastern District of New York (Weinstein, J.) denying his petition for a writ of habeas corpus. Following a jury trial in New York Supreme Court, Kings County, Cochrane was convicted of attempted murder, assault, and criminal possession of a weapon. He seeks the federal writ on the ground that the state trial court's exclusion from evidence of an allegedly exculpatory photograph deprived him of due process and a fair trial. *Cochrane v. McGinnis*, 160 F.Supp.2d 447 (E.D.N.Y.2001).

After the government introduced into evidence three Polaroid photographs found in Cochrane's apartment showing a person playfully holding what appeared to be the gun used in the shooting, and adduced testimony that the person depicted in the photos appeared to be Cochrane, Cochrane sought to introduce a fourth, similar Polaroid photo numbered next in sequence from the same film package, which arguably showed the same man more clearly, and arguably showed that the man in the photos was not Cochrane. The defense sought to authenticate this photo through the testimony of an expert who testified to the number sequence and the similarity of subject and lighting conditions. The court sustained the government's objection to introduction of the photo, and the defense called no witness with personal knowledge as to when or where any of the four photos was taken.

Cochrane's conviction was affirmed on direct appeal. *People v. Cochrane*, 248 A.D.2d 396, 669 N.Y.S.2d 833 (2d Dep't 1998).

The district court conducted an evidentiary hearing at which several witnesses testified that they were present when all four photos were taken as part of a film shoot in Cochrane's apartment, and that the man in the photos was not Cochrane. The district court denied Cochrane's petition on the ground that the state trial court properly sustained the government's objection to the fourth photo for lack of

authentication. *Cochrane v. McGinnis,* 160 F.Supp.2d at 453.

■ On appeal, Cochrane argues that the state trial court's ruling was solely based on relevance, and that if it had been based on authentication, he could have adduced then the authenticating testimony he adduced later in the habeas hearing.

The line between relevance and authentication is not always clear. *See* Fed. R.Evid. 901(a) advisory committee's note ("Authentication and identification represent a special aspect of relevancy."). Even so, Cochrane was not misled into believing that the ruling could not be overcome by authenticating evidence. The state trial court expressly adopted the government's argument that the photo could not be admitted without the testimony of "someone that was there," *see* Tr. at 905,[1] as defense counsel evidently understood when he observed that the ruling would force him "to put [his] client on in order to get [the] photograph into evidence." *Id.* at 908.

We agree with the district court that the fourth photo was never properly authenticated and therefore that there was no error. Sequential numbering does not establish that a later photo was taken at the same time as the photo preceding. Under New York law, "[p]hotographs are authenticated by testimony of a person familiar with the object portrayed therein." *People v. Brown,* 216 A.D.2d 737, 738, 628 N.Y.S.2d 835 (2d Dep't 1995); *see also People v. Ely,* 68 N.Y.2d 520, 527, 510 N.Y.S.2d 532, 503 N.E.2d 88 (1986) (holding that tape recording was inadmissible where no participants in the recorded conversation testified and the chain of custody did not establish "precisely when or even where" the recordings were made); *cf.* Fed.R.Evid. 901(a) (requiring trial court to exclude real evidence where the proponent fails to produce "evidence sufficient to support a finding that the matter in question is what its proponent claims").

■ Even if the evidentiary ruling were error, it would have been harmless. The evidence against Cochrane was overwhelming: he admittedly encountered the victims in a traffic dispute; a person driving a distinctive motorcycle just like his caught up with them and shot them soon afterward; he was seen parking his motorcycle outside his apartment minutes after the shooting; and a gun linked by ballistics evidence to the shooting was later found in his apartment. *See Cochrane v. McGinnis,* 160 F.Supp.2d at 449–50, 452–53 (discussing evidence of Cochrane's guilt). Finally, the exclusion of the fourth photo can have caused no prejudice. Cochrane suggests that but for the alleged error or lack of clarity, he would have called the witnesses who testified in the habeas hearing that he was in none of the pictures. But the force of such testimony would not depend on the admissibility of the fourth photo.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**