■ In the Matter of JAMES WILLIAMS, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [803 NYS2d 320]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was conditionally released on parole supervision in February 2003. Thereafter, in April 2003, petitioner was declared delinquent and, insofar as is relevant to this appeal, four charges alleging various violations of the conditions of his parole were levied against him. A final revocation hearing ensued, at the conclusion of which petitioner's parole was revoked and he was ordered held until the maximum expiration of his sentence. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 contending, among other things, that the evidence presented failed to support the underlying charges.

It is well settled that "a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]). Here, the testimony of petitioner's spouse provides substantial evidence to support the determination that petitioner violated certain conditions of his parole by possessing a butcher knife and approaching his spouse and daughter in a threatening manner. Similarly, the testimony offered by petitioner's parole officer establishes that the incident at issue occurred past petitioner's 9:00 P.M. curfew. Although petitioner denied any violent behavior and contended that his curfew was violated only because he was in police custody, this presented a credibility is-

sue for the Board of Parole to resolve (*see Matter of Ciccarelli v New York State Div. of Parole*, 11 AD3d 843, 844 [2004]). In short, inasmuch as the underlying determination is supported by substantial evidence in the record as a whole, it will not be disturbed. Petitioner's remaining contentions, including his challenge to the admissibility of certain hearsay evidence and his assertion that the hold imposed was excessive, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.