■ In the Matter of RODNEY YOUNG, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [814 NYS2d 412]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 27, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

In September 2001, petitioner was released to parole supervision having been convicted of numerous crimes in 1992 and 1993. In April 2003, he was charged with violating certain rules governing his parole. As relevant here, petitioner was found to be in possession of a crack pipe containing residue which provided the basis for charges accusing him of possessing drug paraphernalia and a controlled substance. Following a final parole revocation hearing, petitioner was found guilty of the allegations and his parole was revoked. He was ordered held for 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

The charges forming the basis of the revocation of petitioner's parole are predicated on his violation of rule 8, which states, in pertinent part, that "[a] releasee will not behave in such manner as to violate the provisions of any law to which he is subject which provides for penalty of imprisonment" (9 NYCRR 8003.2 [h]). Petitioner contends that, inasmuch as he was not criminally convicted of possessing drug paraphernalia or a controlled substance, he should have been charged with violating rule 11 instead of rule 8. Rule 11 provides that "[a] releasee will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization" (9 NYCRR 8003.2 [k]). Although rule 11 specifically addresses the possession of drug paraphernalia and controlled substances, rule 8 also encompasses conduct of this nature inasmuch as the possession of such items is violative of the law. The fact that petitioner was not convicted of criminal possession of drugs and drug paraphernalia does not preclude his parole revocation on the basis of such conduct (*see Matter of Williams v New York State Bd. of Parole*, 277 AD2d 617, 617 [2000]). Petitioner's remaining contentions are either not preserved for our review or are lacking in merit.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.