◼ In the Matter of CHARLES MOSLEY, Petitioner, v ROBERT DENNISON, as Chairman of New York State Division of Parole, Respondent. [816 NYS2d 789]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered December 6, 2005) to review a determination of respondent. The determination, after a hearing, revoked petitioner's parole.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated rule No. 8 of the conditions of release and as modified the determination is confirmed without costs.

Memorandum: Petitioner commenced this proceeding challenging the determination revoking his parole based upon his violation of three conditions of his release, i.e., threatening the well-being of his parole officer and twice violating the conditions of his curfew. Upon petitioner's administrative appeal, respondent upheld the recommendation of the Administrative Law Judge (ALJ), finding that petitioner violated those conditions of his release, revoking his parole and imposing a time assessment of 12 months (see generally 9 NYCRR 8005.20 [c]). "[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Layne v New York State Bd. of Parole, 256 AD2d 990, 992 [1998], lv dismissed 93 NY2d 886 [1999]). We conclude that the testimony of petitioner's parole officer at the hearing before the ALJ provides substantial evidence to support the determination with respect to the two charges concerning the violations by petitioner of his curfew (see Matter of Westcott v New York State Bd. of Parole, 256 AD2d 1179, 1180 [1998]; Layne, 256 AD2d at 992; see generally People ex rel. Fryer v Beaver, 292 AD2d 876 [2002]). The testimony of petitioner that he was at his approved residence but in a medication-enhanced sleep merely presented a credibility issue that the ALJ was entitled to resolve against petitioner (see Matter of Williams v New York State Div. of Parole, 23 AD3d 800 [2005]; Matter of Ciccarelli v New York State Div. of Parole, 11 AD3d 843 [2004]).

We agree with petitioner, however, that the determination is not supported by substantial evidence insofar as respondent

found that petitioner threatened the well-being of his parole officer. The parole officer did not testify that she feared that other parolees might act out against her based on petitioner's conduct and, indeed, although the charge that petitioner violated rule No. 8 of the conditions of release was based on alleged verbal threats made by petitioner to the parole officer, there is no support in the record that such threats were made. We thus conclude that the determination with respect to the violation of rule No. 8 is based on "speculati[on] and [is therefore] unwarranted" (*People ex rel. Johnson v New York State Bd. of Parole*, 180 AD2d 914, 919 [1992]). Consequently, we modify the determination accordingly. Inasmuch as the record establishes that petitioner has now completed "the delinquent time assessment imposed" (9 NYCRR 8002.6 [c] [1]), however, there is no need to remit the matter to respondent for reconsideration of the appropriate time assessment. Present—Pigott, Jr., P.J., Scudder, Kehoe, Green and Hayes, JJ.