■ In the Matter of CHESTER DAVIDSON, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [824 NYS2d 466]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In April 2004, after he was arrested and charged with the crime of assaulting an acquaintance with a nail-embedded stick, petitioner was also charged with violating the conditions of his parole that forbade him from threatening the well-being of others and from possessing an instrument readily capable of causing injury. After a final revocation hearing, the Administrative Law Judge sustained the charges, revoked petitioner's parole and recommended that he be held until the maximum expiration date of his sentence. The Administrative Law Judge's determination was administratively affirmed and petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination.

"[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Faulkner v New York State Div. of Parole*, 25 AD3d 1047, 1048 [2006]; *Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 800 [2005]). Here, the acquaintance testified that petitioner approached him to discuss a previous altercation between petitioner and the acquaintance's brother. An argument ensued, during which petitioner struck the acquaintance with his fists and a stick with a nail in it. This testimony is sufficient to support the determination that petitioner violated the terms of his parole. Any credibility determination with respect to petitioner's claim that the acquaintance was the initial aggressor was an issue for the Board of Parole to resolve (*see Matter of Kovalsky v*

*New York State Div. of Parole,* 30 AD3d 679, 680 [2006]; *Matter of Williams v New York State Div. of Parole, supra* at 800-801). Contrary to petitioner's contention, the fact that he was acquitted of the criminal assault charges does not preclude the Board from revoking his parole based on the same conduct (*see Matter of Young v Dennison,* 29 AD3d 1194, 1195 [2006]; *Matter of Williams v New York State Bd. of Parole,* 277 AD2d 617, 617 [2000]). Finally, given the violent nature of the attack and the fact that it occurred less than four months after petitioner's release, we are not persuaded that it was harsh and excessive for the Board to order petitioner held until the maximum expiration of his sentence (*see Matter of Cole v Travis,* 275 AD2d 874, 875 [2000]; *Matter of Velez v New York State Div. of Parole,* 246 AD2d 833, 834 [1998], *lv denied* 91 NY2d 813 [1998]).

Petitioner's remaining contentions have been considered and determined to be without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.