■ In the Matter of JONATHAN R. BOLTON, Petitioner, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [832 NYS2d 118]—

Carpinello, JJ. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 1983, petitioner was convicted of rape in the first degree and was sentenced to 8⅓ to 25 years in prison. Following his third release to parole supervision in April 2004, petitioner was charged with violating the terms of his parole when he was observed taking photographs of women in the vicinity of a department store in Delaware County. Specifically, he was charged with violating the conditions which prohibited him from leaving Chenango County, from possessing photographic equipment without his parole officer's consent and from threatening the safety and well-being of others. Following a hearing, an Administrative Law Judge (hereinafter ALJ) dismissed the first charge, but sustained the other two. The ALJ recommended that petitioner's parole be revoked and that he be held until his maximum expiration date. The Board of Parole affirmed the ALJ's decision and adopted his recommendation, resulting in this CPLR article 78 proceeding.

"Initially, we note that our review of the determination at issue 'is limited to an examination of the record to ascertain whether there exists substantial evidence to support it' " (*Matter of Faulkner v New York State Div. of Parole*, 25 AD3d 1047, 1048 [2006], quoting *Matter of Bratton v New York State Bd. of Parole*, 23 AD3d 879, 879 [2005]). Based upon our review of the record, substantial evidence supports the Board's finding that petitioner violated the conditions of his parole which prohibited him from possessing photographic equipment and from threatening the safety and well-being of others. All of the testimony, including petitioner's, established that petitioner used a camera to photograph women in the parking lot of the department store. The manager testified that a customer who reported the incident indicated that it made her feel uncomfortable. An associate in the photo lab, whose picture was unknowingly taken by petitioner, testified that the nature of the photographs concerned her because they depicted unwitting female subjects

leaning over their cars. Petitioner's assertion of an innocent excuse for taking the photographs created a credibility issue for the Board to resolve (*see Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 800-801 [2005]) and, in any event, does not negate the fact that his behavior violated the clear conditions of his parole. Petitioner's remaining contentions are either not preserved for our review or are lacking in merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.