■ In the Matter of RONNIE COVINGTON, Petitioner, v ROBERT DENNISON, as Chair of the New York State Board of Parole, et al., Respondents. [833 NYS2d 310]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner, while on parole, was arrested twice within a short time period. Following a parole revocation hearing, an Administrative Law Judge revoked his parole based upon petitioner's violation of conditions of parole by failing to immediately report these arrests and by violating a curfew. The Board of Parole affirmed the revocation. Petitioner commenced this proceeding to challenge the Board's determination. His amended petition added claims regarding inquiries under the Freedom of Information Law (Public Officers Law art 6) and that he is entitled to termination of his parole.

The arresting officer testified that petitioner appeared at the police station at approximately 4:00 A.M. seeking information about a friend who had been arrested. This clearly violated the condition of parole imposing a curfew. Petitioner's parole officer testified that petitioner did not inform him of the arrests until his appointment more than one week after the second arrest. On the other hand, petitioner testified that he only went to the police station after being summoned there by a detective, he attempted to call his parole officer soon after his arrests and he left messages regarding the arrests with other parole officers. The Board was free to resolve issues of credibility and chose to believe the police officer and parole officer, finding petitioner incredible (*see Matter of Kovalsky v New York State Div. of Parole*, 30 AD3d 679, 680 [2006]). Accepting the officers' testimony, substantial evidence supports the Board's determination (*see id.*).

Respondents adequately replied to petitioner's requests under the Freedom of Information Law. Petitioner's argument that he is entitled to termination of his parole under Executive Law § 259-j is without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition and amended petition dismissed.