◼ In the Matter of ANTHONY SANTIAGO, Petitioner, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [844 NYS2d 518]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was convicted in 1999 of attempted sodomy in the first degree based upon acts perpetrated upon a four-year-old girl and he was sentenced to five years in jail followed by five years of postrelease supervision. Since his conviction was for a sexual offense against a child victim, his release on parole in September 2003 was subject to certain special conditions, including that he not possess any children's toys. During a routine search of the lockers of parolees at the shelter where he was residing, a bag containing approximately 50 children's toys was found in petitioner's locker. He claimed the toys belonged to Hector Risotto, another resident of the shelter. Following a parole revocation hearing, an Administrative Law Judge (hereinafter ALJ) determined that petitioner had violated a condition of his parole and recommended that his release be revoked for 24 months. The finding of a parole violation was affirmed on administrative appeal but the penalty was increased to revoke parole for the remainder of petitioner's sentence. This proceeding ensued.

We turn first to petitioner's argument that there was not sufficient evidence to support the determination of the Board of Parole. Our review of the adequacy of the evidence in a proceeding of this nature is "limited to an examination of the record to ascertain whether there exists substantial evidence to support [the Board's determination]" (*Matter of Bolton v Dennison*, 38 AD3d 1077, 1078 [2007] [internal quotation marks and citations omitted]; *accord Matter of Faulkner v New York State Div. of Parole*, 25 AD3d 1047, 1048 [2006]). "[I]t is within the province of the Board to resolve issues of credibility, and to determine the relative weight to be assigned to the evidence" (*Matter of Kovalsky v New York State Div. of Parole*, 30 AD3d 679, 680 [2006] [citations omitted]; *see Matter of Covington v Dennison*, 39 AD3d 974, 975 [2007], *lv denied* 9 NY3d 802 [2007]). Here, there was evidence that petitioner was directed to open his locker, he did so, and the bag of toys was contained therein. Petitioner contended that the bag belonged to Risotto, he had permitted Risotto to use his locker for storage and he did not know what was in the bag. However, testimony from a parole officer established that Risotto's locker was also inspected and there was ample room for the bag in Risotto's locker. Under all the circumstances, the record contains sufficient evidence that petitioner violated a condition of his parole. In light of the nature of petitioner's crime, the condition is not, as he now suggests, an unimportant one. Further, he had been fully apprised of the special conditions of his parole, signed an acknowledgment thereof and had been provided a copy of that document.

The argument that the ALJ failed to give a written statement (*see* Executive Law § 259-i [3] [f] [xi]) is belied by the record, which includes the ALJ's handwritten decision setting forth the evidence relied upon and the reasons for the decision. As for the decision by the Board to reincarcerate petitioner for the remainder of his sentence, it was within the Board's discretion to impose a longer period than recommended by the ALJ (*see Matter of Otero v New York State Bd. of Parole*, 266 AD2d 771, 772 [1999], *lv denied* 95 NY2d 758 [2000]) and the penalty imposed was not harsh or an abuse of discretion (*see Matter of Bellamy v New York State Div. of Parole*, 274 AD2d 871, 872-873 [2000]; *Matter of Smith v Travis*, 253 AD2d 955, 955-956 [1998]). The remaining arguments have been considered and found to be without merit.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.