■ In the Matter of CLIFFORD GRAHAM, Petitioner, v ROBERT DENNISON, as Commissioner of New York State Division of Parole, Respondent. [848 NYS2d 804]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [John J. Brunetti, A.J.], entered May 22, 2007) to annul a determination of respondent. The determination revoked petitioner's postrelease supervision and imposed a time assessment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination revoking his postrelease supervision and imposing a time assessment of 36 months. Contrary to petitioner's contention, Supreme Court properly transferred the proceeding to this Court pursuant to CPLR 7804 (g) inasmuch as the challenged determination was "made as a result of a hearing held . . . pursuant to direction by law" (CPLR 7803 [4]; *see generally Matter of Bevacqua v Sobol*, 176 AD2d 1, 3-4 [1992]). " '[A] determination to revoke parole [or postrelease supervision] will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (*Matter of Mosley v Dennison*, 30 AD3d 975, 976 [2006], *lv denied* 7 NY3d 712 [2006]). Contrary to petitioner's contention, the record establishes that, in the related criminal proceeding, the court refused to suppress the testimony concerning the presence of a handgun in the vehicle in which petitioner was a passenger and petitioner's statement admitting ownership of that handgun, and that testimony constitutes substantial evidence to support the determination (*see id.*; *cf. People ex rel. Piccarillo v New York State Bd. of Parole*, 48 NY2d 76, 81-83 [1979]; *see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). Finally, we reject the contention of petitioner that, pursuant to 9 NYCRR 8005.20 (c) (1), his time assessment cannot exceed 15 months. That regulation sets

forth only the minimum time assessment, and petitioner is eligible for a maximum time assessment of "up to the balance of the remaining period of post-release supervision" (Penal Law § 70.45 [1]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.