■ In the Matter of ERIC ROGERS, Petitioner, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [851 NYS2d 662]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

While serving a prison sentence of $7^{1}/_{2}$ to $22^{1}/_{2}$ years for his conviction of manslaughter in the first degree, petitioner was released on parole in December 2004. In May 2005, after being arrested and criminally charged with assault in the third degree and resisting arrest, petitioner was charged with violating the conditions of his parole that forbade him from behavior which violates the provisions of any law that provides for a period of imprisonment or threatens the safety and well-being of others (see 9 NYCRR 8003.2 [h]). After a final revocation hearing, the Administrative Law Judge sustained the charges, revoked petitioner's parole and recommended that he be held until the maximum expiration date of his sentence. The Administrative Law Judge's determination was administratively affirmed and petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination.

"It is well settled that 'a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (Matter of Williams v New York State Div. of Parole, 23 AD3d 800, 800 [2005], quoting Matter of Layne v New York State Bd. of Parole, 256 AD2d 990, 992 [1998], lv dismissed 93 NY2d 886 [1999]; accord Matter of Davidson v New York State Div. of Parole, 34 AD3d 998, 998 [2006], lv denied 8 NY3d 803 [2007]). Here, the victim testified that as he was walking through Central Park in New York City, petitioner, without provocation, struck him in the face. After petitioner followed him out of the park acting in a menacing manner, the victim called 911 and, when the police arrived five minutes later, petitioner fled. A chase ensued and, although petitioner began kicking and twisting to get free, four police officers were able to subdue petitioner and arrest him.

This testimony supports the determination that petitioner violated the terms of his parole. The fact that the victim's injuries did not rise to the level required of the criminal charge made against petitioner (see Penal Law § 10.00 [9]; § 120.00)

does not, contrary to petitioner's argument, preclude the Board of Parole from revoking his parole, as the revocation is based on petitioner's conduct underlying the criminal charges, which violated conditions of his parole (*see Matter of Davidson v New York State Div. of Parole*, 34 AD3d at 999; *Matter of Young v Dennison*, 29 AD3d 1194, 1195 [2006]; *Matter of Williams v New York State Bd. of Parole*, 277 AD2d 617, 617 [2000]; *Matter of Cole v Travis*, 275 AD2d 874, 875 [2000]). Furthermore, given the violent aspect of petitioner's conduct and his criminal history, as well as the fact that the parole violation occurred within five months of his release, the Board's decision to hold him until his maximum expiration date is not excessive (*see Matter of Davidson v New York State Div. of Parole*, 34 AD3d at 999; *Matter of Cole v Travis*, 275 AD2d at 875).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.