■ In the Matter of JEROME BARNER, Petitioner, v GEORGE ALEXANDER, as Chair of the Division of Parole, Respondent. [865 NYS2d 783]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner received an aggregate sentence of $8^1/_3$ to 25 years in prison for his 1985 convictions of rape in the first degree, robbery in the second degree, sodomy in the first degree and sexual abuse in the first degree. He was released to parole supervision in 2001. In 2006, after he was involved in an altercation, he was charged with violating the term of his parole prohibiting him from violating any law or threatening the safety of others. Following a final revocation hearing, an Administrative Law Judge found that the parole violation was established and recommended that petitioner's release be revoked for 12 months. On administrative appeal, the Board of Parole affirmed the finding of a parole violation but increased the penalty to revocation of parole for the remainder of petitioner's sentence. This proceeding ensued.

The victim's testimony, as well as the seven pictures depicting her injuries, provided substantial evidence to support the determination that petitioner violated the enumerated condition of his parole by assaulting her (*see Matter of Rogers v Dennison*, 47 AD3d 1149, 1150 [2008], *lv denied* 10 NY3d 711 [2008]; *People ex rel. Washington v Ekpe*, 38 AD3d 1100, 1101 [2007], *lv denied* 9 NY3d 802 [2007]; *Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 800-801 [2005]). Her testimony that the photographs were an accurate representation of her injuries was sufficient to support their admission into evidence (*see People v Patterson*, 93 NY2d 80, 84 [1999]; *People v Brown*, 216 AD2d 737, 738 [1995]).

As for petitioner's argument that the Board's imposition of a hold until his maximum expiration date was excessive, it is within the Board's discretion to impose a period longer than that recommended by the Administrative Law Judge (*see Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]; *Matter of Otero v New York State Bd. of Parole*, 266 AD2d 771, 772 [1999], *lv denied* 95 NY2d 758 [2000]). Given the severity of the crimes for which petitioner was originally convicted and the nature of the assault against the complainant, we decline to disturb the Board's determination (*see Matter of Otero v New York State Bd. of Parole*, 266 AD2d at 772). Petitioner's remaining arguments have been considered and found to be without merit.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.