■ In the Matter of ENRIQUE TORRES, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [872 NYS2d 215]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In March 2001, petitioner was convicted of two counts of sexual abuse in the first degree and sentenced as a second vio-

---

lent felony offender to concurrent prison terms of five years followed by five years of postrelease supervision. Petitioner was released in June 2005 and began serving his period of postrelease supervision subject to various conditions. In May 2006, petitioner, among other things, tampered with his monitoring device, was declared delinquent and subsequently was charged with various violations of his parole. Ultimately, petitioner pleaded guilty to tampering with the monitoring device, whereupon the remaining violations were withdrawn, and the Administrative Law Judge (hereinafter ALJ), petitioner's counsel and the parole representative agreed to a joint recommendation for an 18-month hold. The Board of Parole thereafter revoked petitioner's parole and imposed a 54-month hold. This proceeding to challenge that determination ensued.

Petitioner's claim that he did not receive the benefit of his plea bargain because his guilty plea was conditioned upon a "promise" of an 18-month hold lacks merit. The record reveals that the ALJ expressly advised petitioner that the Board would make the final decision as to the hold to be imposed and that he could receive "substantially more time" than the 18 months that was being recommended. The ALJ further confirmed with petitioner's counsel that the suggested 18-month hold was a "recommendation . . . only" and made clear to petitioner that "anything [was] possible."

As to the length of the hold imposed, it is well settled that any recommendation made by the ALJ is advisory in nature, as the final authority to reincarcerate petitioner and fix a date for his release lies with the Board (*see Matter of Folks v Alexander*, 58 AD3d 1038 [2009] [decided herewith]; *Matter of Barner v Alexander*, 55 AD3d 1182 [2008]; *Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]). Under the circumstances presented, we do not view the penalty imposed as either harsh or an abuse of discretion. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.