■ In the Matter of ANTONIO RAGO, Petitioner, v GEORGE B. ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [874 NYS2d 605]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was convicted in 1999 of rape in the first degree and sodomy in the first degree and sentenced to concurrent prison terms of six years followed by five years of postrelease supervision. When petitioner was released to parole supervision in September 2005, he was subject to certain special conditions, including provisions that prohibited him from leaving the county or having contact with children under the age of 18 without the approval of his parole officer. In April 2006, petitioner was charged with, among other things, violating the foregoing conditions of his parole. Following a final revocation hearing, an Administrative Law Judge (hereinafter ALJ) found that a parole violation had been established and recommended that petitioner be held for 53 months—the maximum expiration of his term. The ALJ's decision was affirmed upon administrative appeal, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Board of Parole's determination.

"It is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 800 [2005] [internal quotation marks and citation omitted]; *see Matter of Mosley v Dennison*, 30 AD3d 975, 976 [2006], *lv denied* 7 NY3d 712 [2006]). Here, three witnesses testified that petitioner, who resided in Dutchess County, was present in Ulster County during late April 2006, and one of those witnesses further testified that, during one such visit, petitioner was in the presence of a one-year-old child. As there is nothing in the record to suggest that petitioner obtained the required approvals from his parole officer, we find that the determination is supported by substantial evidence (*cf. Matter of Brew v New York State Div. of Parole*, 22 AD3d 930 [2005]). The record reflects that petitioner was fully apprised of the relevant special conditions, as evidenced by his signed acknowledgment thereof (*see Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]), and we reject his present assertion that his violations were "technical" in nature and cannot support a finding that

he violated a condition of his parole "in an important respect" (Executive Law § 259-i [3] [c] [iv]).

As for petitioner's claim that the Board's imposition of a hold until his maximum expiration date was grossly excessive, we need note only that the ultimate authority to reincarcerate petitioner and fix a date for his release lies within the sound discretion of the Board (*see Matter of Santiago v Dennison*, 45 AD3d at 995). Based upon our review of the record as a whole, we perceive no abuse of that discretion here. Petitioner's remaining contentions, including his assertion that the recommendation made by the ALJ was vindictive and was proposed in retaliation for petitioner exercising his right to a hearing, have been examined and found to be lacking in merit.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.