■ In the Matter of DONALD TANNER, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [874 NYS2d 396]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 1983, petitioner was convicted of rape in the first degree, sodomy in the first degree (three counts) and menacing (two counts) and sentenced to two consecutive prison terms of 6 to 18 years (*People v Tanner*, 103 AD2d 952 [1984]). Petitioner was conditionally released to parole supervision in September 2002 and apparently functioned as a "model parolee" until January 2006 when he was declared delinquent and charged with violating his parole by being in a car with his adult daughter without his parole officer's permission and violating the law/threatening his daughter's safety and well-being by offering her money in exchange for sex. Following a final revocation hearing, the Administrative Law Judge (hereinafter ALJ) sustained the violations and recommended an 18-month hold. The Board of Parole thereafter revoked petitioner's parole and ordered that petitioner be held to the maximum expiration of his sentence. Petitioner then commenced this proceeding pursuant to CPLR article 78 to challenge the Board's determination.

We confirm. Our review in a proceeding of this nature is limited to whether the record as a whole contains substantial evidence to support the Board's determination (*see Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]). To that end, it is within the province of the Board to weigh conflicting evidence and resolve any credibility issues (*see Matter of Santiago v Den-*

*nison*, 45 AD3d at 995; *Matter of Davidson v New York State Div. of Parole*, 34 AD3d 998 [2006], *lv denied* 8 NY3d 803 [2007]). The testimony offered by petitioner's daughter, which was credited by the ALJ and the Board, is sufficient to support the sustained violations. Notably, the ALJ specifically considered and rejected petitioner's theory that this entire incident distilled to a "shakedown" by his daughter for money. Petitioner's remaining contentions, including his assertion that the penalty imposed is excessive, have been examined and found to be lacking in merit.

Mercure, J.P., Lahtinen, Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.