■ In the Matter of VINCENT JOHNSON, Appellant, v ANDREA EVANS, as Chair of the New York State Division of Parole, Respondent. [923 NYS2d 362]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered April 29, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

In January 2007, petitioner was convicted of the crimes of attempted criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. He was sentenced to three years in prison followed by two years of postrelease supervision and a concurrent prison term of 2 to 4 years. Following completion of a shock incarceration program, petitioner was released to parole supervision in August 2007. In July 2008, petitioner was charged with several violations of his parole arising out of a domestic violence incident. Following a hearing, an Administrative Law Judge (hereinafter ALJ) found that petitioner had violated parole and recommended a hold to the maximum expiration date of his sentence. Upon administrative review, the Board of Parole affirmed. Supreme Court dismissed petitioner's subsequent CPLR article 78 proceeding to review the Board's determination, prompting this appeal.

Petitioner argues that the penalty imposed should be reduced to reflect a release date of December 23, 2010, rather than December 22, 2012, because that is what the ALJ understood his maximum expiration date to be at the time of the hearing. There is nothing in the record indicating that the ALJ was operating under a misimpression regarding petitioner's maximum release date. Indeed, the ALJ's decision reflects that he was aware of petitioner's sentences, how much time petitioner had served and that he was released following a shock program.

In any event, the Board has the final authority to assess the penalty to be imposed upon a parole violator and it may impose a penalty that is harsher than that recommended by the ALJ (*see Matter of Barner v Alexander*, 55 AD3d 1182, 1183 [2008]; *Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]). Petitioner's present contentions were raised before the Board on administrative appeal, and it is undisputed that the Board

had full knowledge of petitioner's maximum expiration date. Nonetheless, the Board affirmed the imposition of this penalty, noting, as the ALJ did, the viciousness of petitioner's actions and the importance of keeping him away from his victim for as long as possible. Inasmuch as the penalty imposed is not an abuse of discretion under the circumstances presented, we decline to disturb the Board's decision (*see Matter of Torres v New York State Div. of Parole*, 58 AD3d 1039, 1040 [2009]; *Matter of Barner v Alexander*, 55 AD3d at 1183; *Matter of Santiago v Dennison*, 45 AD3d at 995).

Mercure, J.P., Peters, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.