Mercure, J.P.
*1202 It is well established that “a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination” (Matter of Layne v New York State Bd. of Parole, 256 AD2d 990, 992 [1998], lv dismissed 93 NY2d 886 [1999]; accord Matter of McCowan v Evans, 81 AD3d 1028, 1029 [2011]; Matter of Rago v Alexander, 60 AD3d 1123, 1123 [2009]). Although respondent had located a copy of the exhibits that were entered into evidence at the revocation hearing, it decided the administrative appeal without reviewing the exhibits. Inasmuch as the applicable statutes and regulations contemplate a procedure whereby respondent’s decision is made upon review of the entire record that was before the ALJ {see Executive Law § 259-i [4]; 9 NYCRR 8006.2, 8006.4), respondent’s determination must be annulled and the matter remitted for further review. In light of our conclusion, petitioner’s remaining contentions are academic.
Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.