■ In the Matter of Seneca Patterson, Petitioner, v Brian Fischer, Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [960 NYS2d 675]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered October 3, 2012) to review a determination of respondent. The determination revoked the post-release supervision of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his period of postrelease supervision and imposing a time assessment of 16 months. "[A] determination to revoke parole [or postrelease supervision] will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Graham v Dennison*, 46 AD3d 1467, 1467 [2007] [internal quotation marks omitted]; *see Matter of Mosley v Dennison*, 30 AD3d 975, 976 [2006], *lv denied* 7 NY3d 712 [2006]). Contrary to petitioner's contention, "the testimony of petitioner's parole officer at the hearing before the [Administrative Law Judge] provides substantial evidence to support the determination with respect to the [eight] charges concerning the violations by petitioner of his curfew [and domestic violence conditions]" (*Mosley*, 30 AD3d at 976; *see Graham*, 46 AD3d at 1467; *see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). Present—Smith, J.P., Fahey, Sconiers, Valentino and Whalen, JJ.