■ In the Matter of EBRIMA TAMBADOU, Petitioner, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [53 NYS3d 857]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered November 30, 2016) to review a determination of respondent. The determination revoked the parole of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his release to parole supervision. We reject petitioner's contention that Supreme Court erred in transferring the proceeding to this Court. A review of the petition shows that petitioner is challenging whether there was substantial evidence at the

hearing to support the determination (*see* CPLR 7803 [4]; 7804 [g]; *see generally Matter of Patterson v Fischer*, 104 AD3d 1218, 1219 [2013]).

" '[I]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence [that], if credited, would support such determination' " (*Matter of Wilson v Evans*, 104 AD3d 1190, 1190 [2013]). We conclude that the determination that petitioner violated the conditions of his parole is supported by substantial evidence (*see generally id.* at 1190-1191). In making that determination, the Administrative Law Judge was entitled to credit the testimony of respondent's witnesses and reject petitioner's version of the events (*see Matter of Mosley v Dennison*, 30 AD3d 975, 976 [2006], *lv denied* 7 NY3d 712 [2006]). Present— Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.