Matter of Munson v Stanford (2020 NY Slip Op 01868)





Matter of Munson v Stanford


2020 NY Slip Op 01868


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

528435

[*1]In the Matter of Timothy Munson, Petitioner,
v
Tina Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Timothy Munson, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole finding, among other things, that petitioner violated conditions of his parole and ordered that he be held to his maximum expiration date.
In 2005, petitioner was convicted of assault in the first degree and was sentenced, as a second felony offender, to a prison term of 14 years followed by five years of postrelease supervision. In 2017, petitioner was released on parole supervision and, because he was classified as a high-risk offender, was fitted with an electronic monitoring device. Shortly thereafter, petitioner was charged with violating various conditions of his parole. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained various charges relating to petitioner's violation of curfew and failing to properly charge his monitoring device, revoked his parole and ordered him held for the maximum expiration of his sentence. The ALJ's determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. "[I]t is well established that a parole revocation decision will be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Davis v Laclair, 165 AD3d 1367, 1368 [2018] [internal quotation marks and citations omitted]). "Absent a procedural error, a revocation of parole will be upheld if it is supported by substantial evidence" (Matter of Gainey v Stanford, 157 AD3d 1176, 1177 [2018] [citations omitted]). The record reflects that petitioner was aware that he was subject to certain parole conditions, including, as relevant here, that he was required to be in his parole-approved residence during his curfew from 8:00 p.m. to 8:00 a.m., seven days a week, and that he charge the monitoring device twice daily, once in the morning and once in the evening, for 45 minutes. Petitioner's parole officer testified that, on multiple occasions, the data report generated from petitioner's monitoring device tracked him outside his parole-approved residence during curfew hours and that petitioner did not have permission on those occasions to be at the locations identified by the monitoring device. Petitioner's contention that he adequately notified and received permission from the parole officer to deviate from his curfew at the date and times at issue created a credibility issue for the Board of Parole to resolve (see Matter of Lewis v Alexander, 68 AD3d 1415, 1415 [2009]; Matter of Simpson v Alexander, 63 AD3d 1495, 1496 [2009]; Matter of Covington v Dennison, 39 AD3d 974, 975 [2007], lv denied 9 NY3d 802 [2007]; Matter of Williams v New York State Div. of Parole, 23 AD3d 800, 800-801 [2005]). Further, the parole officer testified that the data report reflected that petitioner did not charge the monitoring device as required. Given the parole officer's testimony and the data report from petitioner's monitoring device, we find that substantial evidence supports the Board's determination.
Contrary to petitioner's assertion, we find that the ALJ's written statement sufficiently set forth "the evidence relied upon and the reasons for revoking [petitioner's] parole, . . . and for the disposition made" so as to satisfy the requirements of due process (Executive Law § 259-i [3] [f] [xi]; see Matter of Ramos v New York State Div. of Parole, 300 AD2d 852, 854 [2002]). Petitioner's challenges to certain incorrect information filled out in the ALJ's determination does not, as urged by petitioner, require annulment of that determination inasmuch as petitioner failed to establish how these errors precluded him from pursuing an administrative appeal or that he was in any way prejudiced by such errors.
We are also unpersuaded by petitioner's contention that the imposition of a hold until the maximum expiration of his sentence is harsh and excessive, particularly considering his high-risk offender status and the fact that this is his second parole violation under the current sentence (see Matter of Rogers v Dennison, 47 AD3d 1149, 1151 [2008], lv denied 10 NY3d 711 [2008]). Petitioner's remaining contentions, including that he was denied the right to cross-examine the parole officer and that the Hearing Officer was biased, have been reviewed and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.